The State, *ex rel.* Hines, Auditor, *v.* Levi *et ux.*

No. 11,541.

THE STATE, EX REL. HINES, AUDITOR, *v.* LEVI ET UX.

COUNTY AUDITOR.—*School Fund Mortgage.—Public Policy.—Breach of Official Bond.*--A mortgage, executed by a county auditor to secure a loan of a part of the common school fund made to himself, is valid or invalid at the option of those having a supervisory control of such fund. The loan is unlawful as against public policy, and is a breach of the auditor's official bond; but the mortgage may, both as to the auditor and those claiming under him, be resorted to and enforced, as a means of reimbursing the fund, looking only to the auditor and his sureties for any deficiency that may remain after the mortgaged land has been exhausted. *Ware* v. *State, ex rel.,* 74 Ind. 181, limited.

From the Hamilton Circuit Court.

*A. F. Shirts* and *W. R. Fertig,* for appellant.

*W. Garver, F. B. Pfaff* and *F. M. Trissal,* for appellees.

NIBLACK, J.—Complaint by the State, on the relation of Hines, auditor of Hamilton county, against Thomas Levi and Mary J. Levi, his wife, to foreclose a school fund mortgage. It was charged by the complaint that, on the 12th day of April, 1872, one Elisha Mills was the auditor of said county of Hamilton, and being desirous of obtaining a loan of $1,-000 from the common school fund under his charge, drew his warrant on the treasurer of said county for that sum, less one year's interest in advance, upon which he received out of said common school fund the sum of $920 as the principal sum remaining after paying one year's interest in advance; that the said Mills thereupon made his note, in the usual form of a school fund note, to the State, binding himself to repay said sum of $1,000 at the end of five years, with interest annually in advance, and, together with his wife, at the same time executed a mortgage to the State on an eighty-acre tract of land in Hamilton county to secure the payment of said note; that the said Mills, on the 24th day of April, 1872, caused said mortgage to be duly recorded in the proper mortgage record of said county, and to be placed on file in his office with the

other school fund mortgages kept therein; that, on the 30th day of November, 1874, Mills and wife sold, and by warranty deed conveyed, the tract of land mortgaged by them as above to one Levi H. Cook, subject to said mortgage, which he, the said Cook, assumed to pay as a part of the purchase-money to be paid for said land; that, on the 14th day of February, 1877, Cook sold and conveyed sixty acres of said tract of land to one Mary J. Levi, and the remainder of the said tract to her husband, Thomas Levi, subject to the same mortgage which the said Thomas Levi assumed to pay as a part of the purchase-money for said land, with the knowledge and consent of the said Mary J. Levi; that, on the 16th day of December, 1878, the said Thomas Levi and Mary J. Levi conveyed the entire tract of land to one William E. Lowther, who, in turn, reconveyed said land to the said Thomas and Mary, as husband and wife, jointly; that said two last named conveyances were made without any consideration whatever, the object in executing them being to put the land into the hands of the said Thomas and Mary jointly as tenants by entirety.

The circuit court sustained a demurrer to the complaint and rendered final judgment upon demurrer for the defendants, upon the ground, as counsel inform us, that this court had held in the case of *Ware* v. *State, ex rel.,* 74 Ind. 181, that a loan of common school funds made by a county auditor to himself is void, and that it necessarily followed that a mortgage given to secure such a loan could not be enforced. The case thus relied upon was an action by the State, on the relation of the board of county commissioners, against a former county auditor, upon his official bond, for the making of a pretended loan of $1,000 of the common school fund to himself, whereby, as was alleged, that amount of said fund was converted to his own use. The auditor's sureties answered, setting up the three years' statute of limitation in bar of the action as to them, and whether the facts as found by the court below sustained the defence, thus interposed by

The State, *ex rel.* Hines, Auditor, *v.* Levi *et ux.*

the sureties, was the only question really considered by this court at the hearing. The remark contained in the opinion then announced, that the loan, which the auditor made to himself in that case, would, in any event, have been regarded as void, was consequently only incidental, as well as collateral, to the controlling question involved in the cause, and ought to be construed as meaning only that, as a defence to that action, the mortgage executed by the auditor was immaterial and ineffectual, without reference to the formula which might have been observed in executing it.

We have since considered more carefully and more directly the question of the validity of a mortgage executed by a county auditor to secure a loan of the common school fund made to himself, and have come to the conclusion that such a mortgage is valid or invalid at the option of those having a supervisory control of the common school fund; that the loan of any part of that fund to himself by a county auditor is unlawful as against public policy, and hence a breach of his official bond, but that those having a supervisory control, referred to as above, may, at their option, resort to and enforce a mortgage executed to secure such a loan as a means of reimbursing the fund, looking only to the auditor and his sureties for any deficiency that may remain after the mortgaged lands have been exhausted. To that conclusion we still adhere, and as those representing the State in this action have elected to proceed upon the mortgage, it must be regarded, for the purposes of this case, as a regularly executed common school fund mortgage, and as, therefore, binding upon Mills as well as those claiming under him. It follows that the circuit court erred in sustaining a demurrer to the complaint, and that for that reason the judgment below ought to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed Dec. 16, 1884.