IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1903, IN THE EIGHTY-SEVENTH AND EIGHTY-EIGHTH YEARS OF THE STATE.

---

## CHAPIN v. DU SHANE.

[No. 4,422. Filed November 24, 1903.]

APPEAL.—*Conclusions of Law.*—*Exceptions.*—*Review.*—Exceptions to conclusions of law will not be considered on appeal, where there is no showing that the special findings were filed, and such findings were not brought into the record by bill of exceptions or order of court. *pp. 5-7.*

SAME.—*When Special Finding Treated as General.*—Special findings not filed nor brought into the record by bill of exceptions or order of court will, on appeal, be treated as a general finding. *p. 7.*

TRIAL.—*Second Trial.*—*Submission of Former Testimony.*—*Waiver of Objections.*—Where, upon a second trial of a cause, and before another judge, it is agreed by the parties that the cause shall be submitted upon the evidence introduced at the former trial, all objections as to the admission or rejection of evidence are waived. *p. 8.*

From Elkhart Circuit Court; *J. M. Van Fleet*, Special Judge.

Action by James Du Shane against Charles A. Chapin. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*A. L. Brick, D. D. Bates* and *Anthony Deahl*, for appellant.

*Andrew Anderson, W. G. Crabill, C. W. Miller* and *James Drake*, for appellee.

BLACK, J.—There were two paragraphs of the appellee's complaint, in the first of which he alleged that May 20, 1899, the appellant received the sum of $1,550.84 belonging to the appellee, which the appellant was to hold for the use of the appellee, and pay to him when requested thereto; and March 22, 1900, the appellee demanded of the appellant that he should pay that sum of money to the appellee, and the former refused to do so. In the second paragraph it was alleged that on or about May 20, 1899, the appellee and appellant, and certain other persons named, were the owners of all the stock of the South Bend Electric Company, and on that day they entered into a contract with one Slocum whereby they agreed to sell the stock to Slocum for a certain price stipulated in an article of agreement then signed by them; and it was further provided in the article of agreement that Slocum should pay said stockholders the sum of $20,000 as a first payment on the sale, and that, in the event that he should fail to carry out the contract and make certain other payments provided for therein, then said stockholders should have, hold, and retain as their own all of said sum of $20,000; that Slocum did fail to carry out the contract or to make any other payments; that he did at said time pay to the appellant the sum of $20,000, out of which the appellee was entitled to an amount proportionate to his share of the stock of the electric company, and, of the sum so paid, $1,507.95 belonged to him; that said money was not divided between the various stockholders, but was left in the hands of the appellant, and before the commencement of this action the appellee demanded of the appellant that he pay to the former his proportionate share thereof, but the appellant wrongfully retained all of said money, and had expended it for his own uses, and had failed to account to the appellee for said sum of $1,507.95, or any part thereof, to his damage, etc. The appellant answered by a general denial. Later, by leave of court, he filed an amended answer

in two paragraphs, the first being a general denial. In the second paragraph the appellant admitted that on or about May 20, 1899, the parties hereto and the other persons named in the complaint were the owners of ·all the stock of the electric company, and on that date they entered into a contract with Slocum whereby they agreed to sell said stock to Slocum at and for a price stipulated in the contract then signed by them, whereby it was provided that Slocum should pay said ,stockholders the sum of $20,000 as a first payment on the sale, and that, in the event he should fail to carry out the contract and make certain other payments provided for therein, said stockholders should have, hold, and retain, as their own, said $20,000; that Slocum failed to carry out the contract or to make the other payments thereon; that Slocum paid the appellant the sum of $20,000, and, under the terms of the contract with Slocum, the appellee had an interest in that sum so paid to the appellant. It was alleged that before the appellee's share of that money had been paid to him by the appellant, the appellee notified the appellant, on or about December, 1899, that he did not desire to hold said money as a forfeiture under said contract with Slocum, and then and there requested and authorized the appellant to return said money to Slocum; that immediately thereafter, and long before the beginning of this suit, and before any demand was made by appellee upon the appellant for said money, the appellant, acting and relying upon said consent, request, and authority of the appellee that the money be returned to Slocum, did repay the money to Slocum by selling to him an interest in a dam and water-power that was then about to be constructed across the St. Joseph river at Berrien Springs, Michigan, which interest so sold was of the value of $20,000. Wherefore, etc. The appellee having replied by general denial to the second paragraph of answer, the appellant withdrew his answer in denial; and thereupon the cause was tried by jury, the

Chapin v. Du Shane.

verdict being in favor of the appellant. The appellee's motion for a new trial having been sustained, the cause was submitted for trial at a subsequent term before another and special judge, the parties filing and making part of the record their written stipulations, wherein they stipulated and agreed that the cause should be submitted to the court, and tried without the intervention of a jury; that no new evidence of any kind should be submitted on the trial; that no witnesses should be heard, but that the court reporter of the court below who took the evidence submitted in the former trial of the cause should make a true, complete, and correct transcript of all of said evidence, and should duly certify to its correctness and that it contained all of said evidence, and thereupon said certified copy of the evidence should be read to the court as the evidence upon the retrial of the cause, and no other or further evidence should be introduced, and the findings of the court should be made upon said evidence as it should be set out and certified in said transcript, and, upon appeal from the finding and judgment of the court, should be duly certified and made a part of the record by a bill of exceptions in the same manner as if the testimony therein set out had been given orally in the retrial.

The court, upon the request of the parties for a special finding, stated the facts as follows: "(1) That the plaintiff never authorized the defendant to return said money to said Slocum; (2) that the defendant never did repay said money to said Slocum, nor did he ever sell to said Slocum an interest in a dam or water-power in payment or satisfaction of said money; (3) that the defendant still holds the share of the plaintiff in said $20,000; (4) that the share of the plaintiff so withheld by defendant is $1,-507.95, and interest from March 20, 1900, to wit, $1,670." Here followed the signature of the special judge as such. The record then proceeds as follows: "As conclusions of law, the court finds that the plaintiff ought to recover from

the defendant the sum of $1,670. The defendant excepts to this conclusion of law." Then, without an additional signature of the judge, followed the judgment.

The appellant has assigned in this court that the trial court erred in its conclusions of law on the findings, and erred in overruling the motion for a new trial.

The statute concerning a special finding by the court provides that the court "shall first state the facts in writing and then the conclusions of law upon them." This form of finding is provided for in order that there may be exception taken to the decision of the court upon the questions of law involved in the trial; that is, that a party may except to the conclusions of law. The statute does not expressly provide that the special finding shall be signed by the judge, but our courts have long held it necessary, unless the special finding be made part of the record by bill of exceptions or order of court.

In *Peoria, etc., Ins. Co.* v. *Walser,* 22 Ind. 73, 86, it was said: "A special finding must be in writing so that an exception may be taken, and it must be filed with the clerk so that he can enter the special finding, and the exception to it, of record. And as evidence of its genuineness to the appellate court, it should be signed by the judge, or incorporated in a bill of exceptions signed by him. We think, when it is signed and filed, it may be regarded as one of the papers in the cause. * * * Signature is evidence of genuineness and authenticity." See, also, *Smith* v. *Davidson,* 45 Ind. 396, 400.

In *Wallace* v. *Kirtley,* 98 Ind. 485, it was said: "The special finding and conclusions of law thereon become part of the record if signed by the judge without a bill of exceptions. But if not so signed a bill of exceptions is necessary to make them a part of the record."

In *Smith* v. *State, ex rel.,* 140 Ind. 343, 349, it was said: "Neither the special finding of facts nor the conclusions of law were signed by the judge of the trial court,

nor were they embodied in a bill of exceptions, nor made a part of the record by order of the court. It is the settled law that such a finding can only be regarded as a general finding, and no question can be presented to this court on the conclusions of law stated."

In *O'Neal* v. *Hines,* 145 Ind. 32, 37, the conclusions of law immediately followed the finding of facts, and the signature of the trial judge followed the conclusions of law. It was held to be proper for the judge so to sign. It was said: "The finding of facts and conclusions of law in the case constitute one written instrument, signed and filed as such by the trial judge."

In *Martin* v. *Marks,* 154 Ind. 549, it was said: "If there is no signature of the trial judge to the finding of facts and the conclusions of law stated thereon, the same must be treated as a general finding." In that case, the finding of facts and the conclusions of law constituted one written instrument. In *Winstandley* v. *Breyfogle,* 148 Ind. 618, it was said: "The judge is to state both the facts and the conclusions of law in writing, the conclusions immediately following and in connection with the facts; and his signature after the conclusions will be sufficient."

In *Ferris* v. *Udell,* 139 Ind. 579, 592, it was said: "It is true, as contended by appellees' counsel, that the law requires the special finding to be signed by the judge, where, as here, it is not made a part of the record by bill of exceptions or order of court. * * * So he is to state both the facts and the conclusions of law in writing. Whether his signature is to immediately follow the statement of the facts, and also the conclusions of law, or whether his signature is to be attached alone to the finding of facts, and not to the conclusions of law, the statute is silent." It might have been added that the statute is wholly silent as to the signature of the judge. It was further said: "The practice in many of the trial courts

Chapin *v.* Du Shane.

of the State of signing the special finding of facts alone
by the judge has been adopted without any signature to
the conclusions of law. No good reason is perceived why
the signature of the judge may not follow the conclusions
of law and constitute a sufficient signing by him of the
special finding."

It would seem that the reason for requiring the signa-
ture of the judge, stated in the cases which express a
reason therefor, applies as strongly to the conclusions of
law, as constituting a portion of the special finding defined
by the statute, as to the statement of the findings specially
of the facts. If the special finding, as an entirety, in-
cluding the statement of the facts and the conclusions of
law, be signed and filed, the party who desires to except
to the conclusions of law may simply cause it to be noted
at the end of the decision that he excepts. However this
may be, the authorities—some of them being cases already
cited—abundantly require that the record shall show that
the special finding was filed, unless it be made part of the
record by bill or order. In the transcript of the record
before us, there is no showing that the special finding
was filed, and no attempt has been made to bring it into
the record by bill or order of court. Therefore, it can not
be treated as presenting for our consideration the excep-
tion of the appellant to the conclusion of law.

The appellant having withdrawn his answer in denial,
and having gone to trial in the attitude of admitting all
the material averments of the complaint, except so far as
they were inconsistent with the affirmative allegations of
matters of fact by way of defense in the second para-
graph of answer—the only questions of fact to be tried
by the court being those concerning which the appellant
had the burden, and on which the court stated its find-
ings—it is insisted on behalf of the appellant that to au-
thorize a conclusion of law favorable to the appellee the
court should have stated in its finding of facts all the

material facts constituting the appellee's cause of action, including those admitted by the appellant in the pleadings, as well as those involved in the controverted matters tried.  Inasmuch as we must treat the special finding as amounting to no more than a general finding in favor of the appellee, we, perhaps, ought not to take space for the discussion of a matter which we are not required to decide.

Among the grounds in the appellant's motion for a new trial are a number of assignments of rulings of the court in the admission or the rejection of evidence on the former trial of the cause before a jury.  Those rulings were not made by the judge who rendered the finding involved in this appeal, or on the trial in which that finding was made.  ·It was expressly stipulated by the parties that, upon the trial by the court, no new evidence of any kind should be submitted, and no witnesses should be heard, but that the evidence submitted on the former trial, certified by the reporter, should be read to the court as the evidence upon the retrial, and that the finding should be made upon the evidence so certified.  We think that in thus submitting the cause upon definite, ascertained evidence, the appellant must be regarded as having waived, for the purposes of the decision upon the trial by the court, any questions concerning the admission of testimony by which that evidence was elicited on the trial by jury, and any questions as to the admissibility of other testimony rejected on the former trial.

The evidence has been much discussed by counsel.  It was too voluminous and contradictory and involved to admit of a statement here of its purport.  We are of the opinion not only that the court was warranted in its conclusion by the evidence, but that it could not properly have reached a contrary result.

Judgment affirmed.