COFFINBERRY v. MCCLELLAN, EXECUTRIX, ET AL.

[No. 19,340. Filed January 25, 1905.]

1. TRIAL.—*Motion to Make Specific.*—*Grounds.*—Where, in an action by sureties to subject property of their principal, fraudulently transferred, to the payment of the principal's debt, a motion to make more specific is interposed by the alleged fraudulent grantee, asking that plaintiffs set out more definitely the delinquencies of such principal, who was county auditor, and to file with their complaint a copy of such principal's bond, is properly overruled, since the action is not upon the bond, but is an equitable proceeding for subrogation and indemnity, and the request that the delinquencies be set out is too vague. p. 135.

2. DECEDENTS' ESTATES.—*Suretyship.*—*Right of Action Against Fraudulent Grantee of Principal.*—The personal representative of a decedent, and not the heirs, has a right of action against the fraudulent grantee of a principal for whom the decedent had become surety and whose delinquencies such decedent had been compelled to pay. p. 136.

3. PLEADING.—*Complaint.*—*County Officers.*—*Bond.*—*Breach.*—Where a complaint shows that a county auditor drew warrants in favor of himself for which there was no consideration, and that he issued false orders payable to himself on which he secured large sums of money

from his county, and that he made overcharges on account of his salary and services, there is a sufficient showing of a breach of his official bond.   p. 137.

4.   TRIAL.—*Special Finding.—How Made Part of the Record.*—Where the transcript shows that the special findings and conclusions were filed by the judge and that by order of the court they were made part of the record without a bill of exceptions, such findings and conclusions are properly in the record, and it is not necessary under such circumstances that they should be signed by the trial judge.   p. 138.

5.   SAME.—*Special Findings.—How Considered.*—Ultimate facts only are considered in a special finding, and a failure to find any fact will be construed to mean that such fact was not established by the evidence.   p. 139.

6.   SAME.—*Special Findings.—Ultimate Facts.*—Where the special findings show that the alleged defaulting auditor embezzled and unlawfully secured possession of certain public funds hereafter set out (but they are not set out), and that such auditor was indicted for larceny, embezzlement and forgery, and put under arrest, and then died; that judgment was taken against his sureties and they had to pay, there is a failure to show a breach of the bond.   p. 139.

7.   JUDGMENTS.—*Res Judicata.*—Where neither the widow of a defaulting county auditor, nor such auditor or his personal representative, was a party to a judgment against the sureties on such auditor's official bond, such judgment is not *res judicata* as to such widow.   p. 141.

From DeKalb Circuit Court; *C. W. Watkins,* Special Judge.

Action by Elizabeth A. McClellan as executrix of the last will of Charles A. O. McClellan, deceased, and another, against Elizabeth K. Coffinberry and others.   From a decree for plaintiffs, defendant Coffinberry appeals.   Transferred from Appellate Court under §13370 Burns 1901, Acts 1901, p. 565.   *Reversed.*

*Daniel Fraser, James E. Rose, James H. Rose* and *Will H. Isham,* for appellant.

*Zollars, Worden & Zollars* and *Frank S. Roby,* for appellees.

HADLEY, C. J.—Suit by appellees to follow funds averred to have been wrongfully obtained from DeKalb county by one Herman Coffinberry, as county auditor, and by him in-

vested in real estate which was thereafter conveyed to appellant. Coffinberry is now deceased and appellant is his widow.

The complaint avers that appellee McClellan is the executrix of Charles A. O. McClellan, deceased; that Coffinberry was auditor of DeKalb county from November 4, 1890, to November 4, 1894, and that LaFayette J. Miller, Charles A. O. McClellan and one John L. Davis, who refused to join as a plaintiff and was made a defendant, were sureties on his official bond, which was conditioned that he should faithfully discharge his duties as such auditor, and pay over to the persons entitled all moneys that might come into his hands as such auditor; that Coffinberry did not faithfully discharge the duties of his office; that "he issued false and fraudulent county orders payable to himself, there being no consideration therefor, and thereby feloniously secured large sums of money from said county;    *    *    * that he made fraudulent overcharges against said county on account of his salary and alleged services, and fraudulently caused and issued county warrants to himself and others for large sums without consideration or basis, and combined and conspired with other county officials and persons fraudulently to draw large sums of money from the county treasury, and did draw and cause such sums to be drawn, the details of which are not known to the plaintiffs;" that after being arrested for these crimes, to wit, on January 17, 1897, Coffinberry departed this life; that DeKalb county, in a suit upon Coffinberry's official bond, recovered a judgment against the latter's estate for $10,000, and against Charles A. O. McClellan, LaFayette J. Miller and John L. Davis, as sureties thereon, for $7,000; that thereafter McClellan paid on said judgment $1,000, and Miller $1,200, and Davis $2,133.90, and the residue of said $7,000 judgment is unpaid, and a lien upon the plaintiffs' real estate, and unless DeKalb county collects the residue from Coffinberry's estate the plaintiffs will be compelled to pay

it; that said sureties were compelled to pay said sums upon said judgment to save their property from sale; that the defendant John Yarde is the administrator of the estate of Coffinberry deceased; that said estate is wholly insolvent; that Coffinberry, on March 2, 1893, purchased certain described real estate and erected thereon large and expensive buildings and walks at a cost of $8,000, all of which money he fraudulently and feloniously procured from DeKalb county, as aforesaid, and on account of which said sureties have paid and are liable to pay said judgment of $7,000; that during his term of office he also purchased a large amount of life insurance payable to appellant and paid the premiums thereon with part of the money so unlawfully obtained from the county; that on December 17, 1896, with the fraudulent intent and purpose of concealing and covering up the moneys so unlawfully procured from DeKalb county, and to place the same out of the reach of said county and the sureties on his bond, Coffinberry fraudulently conveyed said real estate, without any consideration, to the appellant, who took the same with full notice of all the facts herein averred, and conspired and confederated with her husband to cheat said county and the sureties on his bond; that Coffinberry departed this life on January 18, 1897, and within sixty days thereafter appellant received from the life insurance companies $13,000 purchased for her by her husband as aforesaid, which money and said real estate she still holds and claims as her own; that her husband during all the time of these transactions was wholly insolvent. Prayer that the "plaintiffs be subrogated to the rights of DeKalb county; that said county be required to follow its funds; that the amount invested in said real estate be declared a first lien thereon; that plaintiffs have judgment against the defendant for $9,000, and all other proper relief."

A motion to make the complaint more specific was overruled, as also was a demurrer for insufficiency of facts. The

case went to trial on the general denial by appellant and default of the other defendants. There was a special finding of facts, and conclusions of law stated thereon in favor of the appellees. Elizabeth Coffinberry alone appeals and assigns error.

1. The first error assigned is the overruling of appellant's motion to require the appellees to make their complaint more specific. If the complaint, as presented, was unsatisfactory as being indefinite and obscure, appellant had the right, to enable her to prepare her defense, to appeal to the court to require a more certain and definite complaint. This right, however, she could only exercise by presenting a motion specifically setting forth the particulars in which she felt aggrieved, that the court might thereby determine whether she had just grounds of complaint. The motion she really presented was to require the plaintiffs to aver "more definitely and specifically the failure of Coffinberry faithfully to discharge his duties as auditor of DeKalb county," and for which judgment was recovered by the county against the plaintiffs; and by requiring the plaintiffs to file with their complaint a copy of Coffinberry's bond.

It was not necessary to make the bond an exhibit. The bond contains no express promise on the principal's part to pay anything to the surety. The action is not founded upon the bond, but upon an implied promise of indemnity. Where a surety has been compelled to pay money for his principal his right to be reimbursed is not founded upon any contract, but upon principles of equity and justice. *Gieseke* v. *Johnson* (1888), 115 Ind. 308; *Spaulding* v. *Harvey* (1891), 129 Ind. 106, 13 L. R. A. 619, 28 Am. St. 176; *Davis* v. *Schlemmer* (1898), 150 Ind. 472; *Warford* v. *Hankins* (1898), 150 Ind. 489.

The other requests contained in the motion are as general and indefinite as the averments of the complaint, and there is nothing in them to indicate to the court in what particulars appellant desired more certain information. The com-

plaint alleges that Coffinberry did not faithfully discharge the duties of auditor; that he issued false and fraudulent county orders payable to himself without consideration, and made false and fraudulent overcharges against the county on account of salary, and issued warrants to himself therefor. These averments we think are sufficient as against the motion presented by appellant. Because she did not ask to have the particulars of each of the alleged fraudulent warrants set forth, she must be regarded as content with the complaint in this particular. The motion to make more specific was properly overruled.

2. Was the complaint sufficient on demurrer? Counsel argue that the complaint does not state a cause of action in favor of the executrix of McClellan's will, because it is not averred that it is necessary for her to acquire and sell the real estate in controversy to pay debts of her decedent's estate, and cite *Matlock* v. *Nave* (1867), 28 Ind. 35. It seems in that case the administrator was seeking to recover lands conveyed away by the administrator's decedent, and it was held the administrator could not maintain the action without showing that such land was necessary to pay the debts of the decedent. But in the case at bar the executrix is not seeking to recover property conveyed away by her decedent. She is trying to enforce a demand in favor of her decedent against Coffinberry's estate and a grantee to whom he had fraudulently conveyed property. Coffinberry's estate is insolvent, and during all the time he was auditor and up to the time of his death he was insolvent. When there was a breach of the bond, and McClellan, as surety, was compelled to pay money because of such breach, he had a right of action against the principal, and, after the principal's death, against his personal representative, and if such personal representative neglected to recover property which in fact belonged to the principal, McClellan might reach the property to satisfy his claim. This right of action did not descend to the heirs but went to the personal representative.

She seeks now to collect a claim due McClellan at the time of his death, and in enforcing that right in favor of his estate she is entitled to the remedies he would have, if living. It is true she is trying to reach certain real estate, but it is only for the purpose of enforcing a claim in favor of the estate she represents. The real estate, by the averments of the complaint, properly belongs to Coffinberry's estate, and it must be admitted that she, as executrix, would have the right to prosecute a claim against that estate and in favor of the estate she represents. It may be said she is trying to enforce a resulting trust, but the sole purpose of the action is to collect a demand in favor of the estate.

In *Strong* v. *Taylor School Tp.* (1881), 79 Ind. 208, suit was brought to set aside alleged fraudulent conveyances made by a defaulting township trustee. The administratrix of a deceased surety on the trustee's bond was one of the plaintiffs. A claim had been allowed against the estate of the deceased surety but the administratrix had paid nothing on the claim at the time of bringing the suit. Upon the question whether the administratrix might maintain the suit, the court said: "As the representative of the surety she could not maintain an action against the principal for the recovery of money, unless some had been paid for him. But she was not seeking to recover money in this case; she was only seeking to make the property of the principal pay his debts, for a part of which she, as such representative, stood liable. She had an equitable right to have the property of the principal exhausted before resort was had to the estate of the surety, which she represented."

3. It is further argued under this assignment that the averments as to the breaches of the bond are insufficient as against a demurrer; that the averments are simply conclusions of the pleader; that Coffinberry issued fraudulent orders to himself is not an averment of any fact but a mere conclusion of the pleader. But in this we can not agree with counsel. The complaint

avers that he drew warrants in favor of himself for which there was no consideration or basis; that he issued false and fraudulent county orders payable to himself for which there was no consideration and thereby secured large sums of money from the county; that he made fraudulent overcharges on account of his salary and services. Such averments certainly charge a violation of the condition of his bond faithfully to discharge the duties of his office. It was a part of his duty as auditor to draw warrants on the county treasurer for all proper claims against the county. If he drew warrants payable to himself when nothing was due him and obtained the money on such warrants he was violating the conditions of his bond. It was a part of his duty to draw warrants, and when he drew a warrant on the county, whether legally or fraudulently, he was acting by virtue of his official authority as auditor. And when he obtained money upon a warrant illegally drawn by himself he at once became liable on his bond. *Ware* v. *State, ex rel.* (1881), 74 Ind. 181; *State, ex rel.,* v. *Levi* (1884), 99 Ind. 77.

4. With respect to the special finding and conclusions of law appellees make the point that it is not properly a part of the record because it does not affirmatively appear that it was signed by the judge and filed as a paper in the cause. The ground for this criticism is entirely removed by the clerk's return to a writ of *certiorari* which shows that the court made in writing, announced and read its special finding of facts and conclusions of law thereon in this cause, to wit: "Which said special finding of facts and conclusions of law are by the judge filed with the clerk of this court as a part of the records, files and papers of this cause." After reciting that the defendant Elizabeth Coffinberry excepted to each conclusion of law the record proceeds: "And now by order of the court * * * said special finding of facts and conclusions of law thereon and exceptions thereto are, and each of them is, made a part of the record in this

cause without a bill of exceptions." The signature of the trial judge to a special finding is required only for the identification of the paper, and may be dispensed with when the same is brought into the record by a bill of exceptions or order of court. *Winstandley* v. *Breyfogle* (1897), 148 Ind. 618; *Ferris* v. *Udell* (1894), 139 Ind. 579.

5. Did the court err in its conclusions of law? Evidentiary matter is to be disregarded and ultimate facts only are to be considered in determining the legal conclusions to be drawn from a special finding. *Parks* v. *Satterthwaite* (1892), 132 Ind. 411; *Louisville, etc., R. Co.* v. *Berkey* (1894), 136 Ind. 181; *Relender* v. *State, ex rel.* (1898), 149 Ind. 283; Elliott, App. Proc., §753. Another familiar rule pertinent to the question is that material ultimate facts not found will, in the application of the law, be presumed to have been found against the party upon whom rested the burden of proving them. *Citizens Bank* v. *Bolen* (1889), 121 Ind. 301; *Boyer* v. *Robertson* (1896), 144 Ind. 604, and cases cited; Elliott, App. Proc., §757.

6. What appears as the special finding of facts and conclusions of law occupies fifty-four typewritten pages of the record, and is composed almost wholly of a mass of evidentiary and extraneous matter. As a basis of their right to recover against appellant, it was essential that appellees establish that Herman Coffinberry violated the conditions of his official bond for which, as sureties thereon, they became liable to DeKalb county. The first effort to state a fact relating to this point occurs in finding number three in these words: "That during his said term of office said Coffinberry embezzled and otherwise unlawfully and feloniously secured possession of certain public funds as hereinafter set out." Then follows in the next four findings a detailed account of Coffinberry's indictment for larceny, embezzlement and forgery; his arrest, and death before trial; the appointment of his administrator; the inventory; the undervaluation and sale of the personal property, composed of

household goods; the insolvency of the estate; the suit by the board of commissioners of DeKalb county against Mc-Clellan, Miller and Davis as sureties on Coffinberry's bond; the complaint, exhibits and answer, covering forty-three pages of the record; and the judgment rendered thereon in these words: "And thereafter on the —— day of ——, 1897, a judgment was rendered by said court against said sureties upon said official bond for the sum of $7,000, and thereafter the following payments were made upon said judgment by the parties named, viz.: By C. A. O. McClellan, $2,000, LaFayette J. Miller, $1,200, John L. Davis, $2,133.90. That nothing has been paid on said judgment by any other person."

In number eight it is found that on March 2, 1893, said Herman Coffinberry purchased for $750, and took title to, certain described real estate in DeKalb county, and in 1894 erected thereon a dwelling-house at a cost and of the value of $5,000, and a barn at a cost and of the value of $500, "and said real estate and improvements were paid for out of the moneys of DeKalb county embezzled and appropriated by said Coffinberry as aforesaid." The only semblance to ultimate or inferential facts relating to Coffinberry's default of his bond, anywhere in the finding, is to be found in the quoted parts of findings numbered three and eight. These, taken separately or collectively, fail to show an actionable breach of the bond faithfully to discharge his duties as auditor, and to pay over to the persons entitled all moneys that might come into his hands as such auditor.

In number three it is found that during his term of office Coffinberry embezzled and otherwise feloniously secured possession of certain public funds "as hereinafter set out." Nothing as to the manner of his obtaining possession of the money is thereafter set out as a fact. The manner of the getting is promised, not given. Besides, it is only found that he got possession of the money. It is not found it was the money of DeKalb county, nor that he converted it to his

Coffinberry *v.* McClellan.

own use, nor that he failed to account for it to the proper person. Neither is it stated that he secured it by issuing a county order, nor by the unlawful performance of any other act sponsored by his bond. We can not aid the finding by inference or intendment, and must regard silence upon a material point as a finding against the party having the burden. The finding states that Coffinberry was indicted for larceny and forgery, and he might have obtained possession of the money by a nocturnal invasion of the treasury, or by the forgery of an indorsement of a county order. Sureties on an official bond are not answerable for extraneous crimes of their principal. Therefore, to be effective as a basis for conclusions of law in favor of appellees, it was essential that the finding show the ownership and precise manner in which the money was obtained, or at least that it was obtained in some way by the unlawful exercise of official power. The finding in number eight is of the same vague and indefinite class, and read with number three does not strengthen either. It is, in effect, that the real estate in controversy was paid for out of the money of DeKalb county, as aforesaid, which was embezzled as aforesaid, and appropriated by Coffinberry as aforesaid, when, as we have seen, there is nothing going before in the finding that we are permitted to consider which shows the fact upon either point.

7. There are at least two reasons why the judgment of the circuit court upon the complaint of the commissioners against the sureties on Coffinberry's bond should not be regarded as an ultimate fact as to the extent and character of the official delinquencies of the officer. In the first place, appellant was not a party to the judgment; neither was her grantor husband, nor his administrator. And so far as the finding shows no claim of DeKalb county was ever allowed or filed against her grantor's estate. As appears from the finding the litigation set out was between DeKalb county, on the one side, and McClellan, Miller and Davis, on the

other. Certainly such proceeding and judgment between third persons were nothing more than evidentiary matter that had no proper place in the finding. In the second place, it is not found that the complaint in said cause, or that any one or more of the eighty-four alleged breaches of the bond, were true.

The conclusions of law upon the facts found, as stated by the court, are as follows: (1) That Coffinberry did, and appellant does now, hold said real estate in trust for DeKalb county; (2) that the plaintiffs, Miller and McClellan, and the defendant Davis are subrogated to the rights of DeKalb county therein to the extent that they have paid the judgment against them as sureties for Coffinberry; (3) that said real estate should be conveyed to the plaintiffs, and held by them upon full payment of the judgment, and, upon default of the conveyances by the defendant, a commissioner should be appointed to make it. We are constrained to hold that the ultimate and inferential facts disclosed by the special finding did not warrant any of the conclusions of law drawn thereon. We are further of the opinion that the ends of justice may be better subserved by a retrial of the case.

The judgment is therefore reversed, with instructions to grant appellant a new trial. It having been suggested that appellees LaFayette J. Miller and John L. Davis have departed life since the submission of this appeal, the judgment of reversal shall bear the date of submission of the cause.