## COLLIER SHOVEL & STAMPING COMPANY ET AL.
### *v.* CITY OF WASHINGTON.

[No. 5,122.   Filed November 14, 1905.   Rehearing denied March
16, 1906.·  Transfer denied June 21, 1906.]

1.  TAXATION.—*Funds.*—*Use of.*—*Private Purposes.*—Taxes can-
not be levied and used for private purposes.   p. 373.

2.  MUNICIPAL CORPORATIONS.—*Taxation.*—*Aids to Manufactories.*
—Municipal corporations have no power to levy taxes and use
same for aiding manufactories.   p. 373.

3.  CONTRACTS.—*Municipal Corporations.*—*Aids to Private Enter-
prises.*—*Bonds to Repay on Default of Conditions.*—A bond
given to reimburse a town for the failure of a manufacturing
company to locate and run its factory for a certain time in con-
sideration of a bonus paid by such town is void and unenforce-
able.   p. 374.

4.  SAME.—*Illegal.*—*Protection of One Party.*—*Enforcement.*—
Where contracts are declared illegal, and the purpose is simply
to protect one of the parties, courts may grant relief or even
enforce the agreement at the suit of the party to be protected.
p. 374.

5.  MUNICIPAL CORPORATIONS.—*Taxes.*—*Use of.*—*Public Policy.*—
The public policy requiring contracts by municipal corporations
to grant bonuses to private industries to be held void lies in
the protection of such corporations' funds, and the courts will
not enforce bonds for the performance of such contracts when
to do so would endanger such funds.   p. 375.

6.  SAME.—*Bonuses to Private Enterprises.*—*Recovery of.*—*Con-
tracts.*—While a municipal corporation cannot enforce a bond
for the return of money given to a private company as a
bonus for the establishment of a private enterprise, it may re-
cover money thus unlawfully paid out.   p. 375.

From Pike Circuit Court; *E. A. Ely,* Judge.

Action by the City of Washington against the Collier
Shovel & Stamping Company and others.   From a judg-
ment for plaintiff, defendants appeal.   *Reversed.*

*Herod & Thompson, Padgett & Padgett* and *Hugh D.
Merrifield,* for appellants.

*J. H. O'Neall* and *M. G. O'Neall,* for appellee.

MAY TERM, 1906. 371

Collier Shovel, etc., Co. *v.* City of Washington—38 Ind. App. 370.

Roby, J.—The Collier Shovel & Stamping Company, Austin F. Cabel, and Richard C. Davis, on March 29, 1901, executed to appellee their bond in the penal sum of $2,500, conditioned as follows:

"The conditions of the above obligations are such that whereas the above corporation and the city of Washington have entered into a written agreement in duplicate whereby said corporation has undertaken to perform the stipulation and agreement in said undertaking set forth: Now if said corporation well and faithfully fulfills its said agreement and undertaking, then this obligation to be void, else to remain in full force and virtue in law."

By the contract referred to the shovel company agreed to construct a plant for the manufacture of shovels, shovel handles and pressed-steel work at the city of Washington, employing therein fifty people at the start, and 150 when in full operation, to keep said plant running for at least ten years, not to sell to any trust, and not to sell to any one unless the purchaser assumed all its obligations. The breach averred is that said Collier Shovel & Stamping Company ceased to operate its plant in September, 1901, and since said time has failed to operate its plant; that the stockholders sold out all the machinery connected with said plant and all its property used in connection therewith, and all other property owned by it was by agreement withdrawn and refunded to the stockholders, since which time there has been no property belonging to said company, and it has ceased to do business.

Appellant shovel company answered by a general denial, and in a second paragraph set up the agreement substantially as is done by the plaintiff, averring further, a sale of said plant to a corporation of Hammond, and the performance of all the terms and conditions of said contract by said purchasing corporation at said town of Hammond. A demurrer was sustained to this answer, and, in view of

the fact that the central purpose of the contract was to procure the erection and operation of the plant at Washington, the correctness of such ruling is manifest.

The evidence shows that appellee is a municipal corporation of this State; that the shovel company was a private corporation; that the common council of the appellee corporation appropriated and paid to the shovel company $2,500 of the public funds, which fund formed the consideration for the contract, failure to perform which is alleged as the breach of the bond sued upon. The terms of said contract relative to said money, and the payment and repayment thereof, are as follows:

"And whereas the city of Washington, by its common council, duly accepted said proposition on condition that said company when started in business would keep its plant running for at least ten years as contemplated by said proposition, and would not sell to any trust whatsoever, and would not sell to any one unless the purchaser would assume all obligations of the party of the first part: And on further consideration that said company would give to the party of the second part a bond with good and sufficient sureties to secure the faithful performance of its obligations to the city, and agreed to place in the hands, and did place in the hands, of John T. Neal $2,500 as evidence of good faith, to be by him held in trust until said company should complete its plant and start in business; and whereas said company has its plant completed and has now started in business: Now, therefore, it is agreed that said John T. Neal is requested to turn said money over to said company to be used by said company without interest for the period of ten years, or for such period as said company shall fully comply with the conditions of this agreement, and in the event said company shall faithfully carry out its agreement for the full period of ten years, then said money is to become the money of said company without any further claims of the city thereto. But in the event that said company shall fail fully to carry out its undertakings for the full period of ten years,

then from the time of such failures said $2,500, with interest from the date of such failure, shall be due from said company to said city, and shall be payable without relief from the valuation and appraisement laws of the State of Indiana."

The cause was tried without a jury, a finding made in favor of appellee, and judgment rendered thereon for $2,726.20. Appellants' motion for a new trial was overruled, and the action of the court therein, as well as in overruling the demurrers to the complaint, is assigned for error.

Appellee's right to recover, in any event, depends upon the validity of this contract; the action being expressly founded upon it. Funds raised by taxation cannot

1. be applied to private uses. The very essence of the right of government to levy a tax lies in the public nature of the use to be made of the moneys thus collected. *McClelland* v. *State, ex rel.* (1894), 138 Ind. 321; *Parkersburg* v. *Brown* (1882), 106 U. S. 487, 27 L. Ed. 238, 1 Sup. Ct. 442; Cooley, Const. Lim. (7th ed.), 184, 243, 678.

There have been many attempts made to appropriate public funds for the encouragement of manufactories, but the power to do so has been universally denied. The

2. benefit resulting to the local public of a town by the establishment of manufactories is not different in kind from the benefit to such public arising from the establishment and operation of grocery stores. The manufacturer, the merchant, the mechanic and the laborer are equal promoters of the public good, and equally entitled to public aid. No line can be drawn in favor of one of them to the exclusion of the others, and a recognition of the right thus to distribute money, procured by taxation would subject the municipalities to importunities and impositions innumerable. *Citizens Sav., etc., Assn.* v. *City of Topeka* (1874), 86 U. S. 655, 22 L. Ed. 455; *Cole* v. *Lagrange* (1884), 113 U. S. 1, 5 Sup. Ct. 416, 28 L. Ed. 896;

*Sutherland-Innes Co.* v. *Village of Evart* (1898), 86 Fed. 597, 601, 30 C. C. A. 305; *Feldman & Co.* v. *City Council* (1884), 23 S. C. 57, 63, 55 Am. Rep. 6; *Dodge* v. *Mission Tp.* (1901), 107 Fed. 827, 831, 46 C. C. A. 661, 54 L. R. A. 242.

The contract sued upon is not *ultra vires,* but it is void as against public policy. *Elkhart County Lodge* v. *Crary* (1884), 98 Ind. 238, 49 Am. Rep. 746; *Brown* v. *First Nat. Bank* (1894), 137 Ind. 655, 24 L. R. A. 206; Greenhood, Public Policy, 35. A contract void as against public policy stands upon the same footing as one made in contravention of the statute. *Franklin Nat. Bank* v. *Whitehead* (1898), 149 Ind. 560, 39 L. R. A. 725, 63 Am. St. 302; *Winchester Electric Light Co.* v. *Veal* (1896), 145 Ind. 506; *State Bank* v. *Coquillard* (1855), 6 Ind. 232.

To the general rule of invalidity, which is presumed when the statute is silent and contains nothing from which the contrary can be properly inferred, there is a well-settled exception. Sometimes contracts are prohibited for the protection of one of the parties, and "whenever a case falls within the limitation, and not within the general rule, the court may give relief against the improper transaction, or may even enforce the obligation arising from the tainted agreement, at the suit of one of the parties thereto." Pomeroy, Eq. Jurisp. (3d ed.), §403. This is but an expression of the maxim that "the law ceases with the reason thereof." *Deming* v. *State, ex rel.* (1864), 23 Ind. 416; *Harris* v. *Runnels* (1851), 12 How. 79, 13 L. Ed. 901; *Scotten* v. *State, ex rel.* (1875), 51 Ind. 52; *Walter A. Wood, etc., Machine Co.* v. *Caldwell* (1876), 54 Ind. 270, 276, 23 Am. Rep. 641; *New England, etc., Ins. Co.* v. *Robinson* (1865), 25 Ind. 536; *State, ex rel.,* v. *Levi* (1884), 99 Ind. 77; *Wabash R. Co.* v. *Kelley* (1899), 153 Ind. 119.

The essence of the policy, which requires contracts for the application of public funds to private purposes to be held void, lies in the protection of such fund.

5. *Winchester Electric Light Co. v. Veal, supra; Armstrong v. State* (1896), 145 Ind. 609. If to deny recovery upon the contract in this case is to go counter to the purposes for the bringing about of which the invalidity of such contracts is declared, then such holding should not be made. In other words, if the reason ceases the law ceases with it.

The right of the city to protect itself against the unlawful depletion of its funds is undoubted, but it is not essential to such end that the validity of the contract
6. sued upon be asserted; while, if the city may recover upon contracts of this nature, the doctrine denying the right thus to contract becomes at once a mere platitude, and every practical obstacle to the loaning of credit by municipalities to private enterprises of every sort is removed. The reason of the law therefore impels us to hold that the contract sued upon is void. Being void, a judgment based upon it will have to be vacated.

Judgment is reversed, and cause remanded, with instructions to sustain appellants' demurrer to the complaint and for further proceedings consistent herewith.