## MEEKER HOTEL COMPANY *v.* FORGAN ET AL.

[No. 9,967.   Filed October 16, 1919.]

1. APPEAL.—*Review.—Harmless Error.—Replevin.—Failure to Find Value of Property.*—In an action in replevin, where the jury found that defendant was not entitled to the property in controversy, the jury's failure to find the value of the property was harmless to defendant, and it cannot complain. p. 201.

2. EVIDENCE.—*Expert Testimony.—Removing Wiring from Building Without Injury.*—In an action in replevin to recover certain telephone wires, cable terminals, etc., installed in a hotel building, testimony of an expert that such equipment could be removed without great injury to the building, was proper. p. 201.

3. REPLEVIN.—*Jury Questions.—Sufficiency of Demand.*—In an action in replevin to recover wiring, cable terminals, and other telephone equipment installed in a hotel building, question whether plaintiffs made sufficient demand for equipment in controversy *held* for the jury. p. 202.

From Marion Superior Court (103,249); *W. W. Thornton*, Judge.

Action by David R. Forgan and others against the Meeker Hotel Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Thomas D. McGee*, for appellant.
*Samuel O. Pickens, Charles W. Moores, R. F. Davidson, Owen Pickens, Horace H. Martin* and *M. P. Turner*, for appellees.

NICHOLS, P. J.—This was a suit brought in replevin by appellees against appellant to recover certain telephone wires, cables, equipment, etc., which articles and equipment are located in the Oneida Hotel Building, in the city of Indianapolis, Indiana, said hotel being at the time operated by appellant under a lease. The complaint, in one paragraph, was in the usual form, alleging ownership and the right of immediate possession in the appellees and wrongful detention by appellant. To this complaint there was an answer in general denial, and a second paragraph averring that the articles in question were and had become fixtures by being attached to the realty. To this paragraph there was reply in denial. The case was submitted to a jury for trial, which returned a verdict for appellees as follows: "We the jury find for the plaintiffs and that they are entitled to possession of the personal property in controversy; that the same is unlawfully detained by the defendant; that the same is of the value of $—— and we assess the plaintiffs' damages for the detention of said property at the sum of $5.00."

Appellant filed a motion for a *venire de novo*, which was overruled, after which it filed a motion for a

new trial, which was overruled. These rulings of the court are assigned as errors.

Appellant contends that it was reversible error for the court to overrule appellant's motion for a *venire de novo*, for the reason that the jury

1. failed to assess the value of the property. But, by the terms of the verdict, the appellant was not entitled to the property in controversy, nor to the value thereof, and therefore it is not harmed by the jury's failure to find the value thereof, and cannot be heard to complain. *Chissom* v. *Lamcool* (1857), 9 Ind. 530.

It appears by the evidence that in the year 1910 the two buildings now being operated by appellant for hotel purposes were so used by a tenant

2. named Johnson. When said Johnson took possession, the Central Union Telephone Company wired and equipped said building with the equipment now in controversy. Later the hotel business passed by successive transfers to appellant, the equipment aforesaid remaining in the building, and being used by said telephone company in supplying telephone service to the successive transferees, including the appellant, until appellant discontinued service with said telephone company. The next day thereafter, appellees sent their servants in charge of one Harry F. Bacon, who was at the time superintendent of equipment, for the purpose of removing said equipment, and Bacon informed one Thomas Meeker, who was at the time manager of appellant's business and as such authorized to operate and maintain the same, that appellees wanted to take equipment out, and said manager then told Bacon that he could not, stating that he had no right to do so. Said manager

then knew that said employes of the telephone company had authority to remove said equipment. Said Bacon reported the refusal to appellees, and the next day thereafter this suit was begun. There is no controversy as to part of the equipment, it being conceded that appellees have a right thereto, but there is controversy as to certain lead-covered telephone cable, cable terminals, one house cable box, and twenty-two terminal strips. Appellant contended that these articles were so attached to the building, running through the floors, walls, ceilings and other parts of the building that they could not be removed without great injury, but witness Bacon, testifying as an expert, stated that the said equipment could be removed without injury to the building. Appellant objected to this testimony, but it was proper evidence. 17 Cyc 216.

Appellant contends that there was no sufficient demand, but the foregoing statement of facts contains enough to justify submitting this question to the jury, and the jury has found by its verdict that the demand was sufficient.

3.

Appellant complains of certain instructions given by the court, and of the refusal of the court to give certain instructions by it tendered. We have carefully examined all the instructions given, as well as all that were tendered, and conclude that the instructions given fairly and fully inform the jury as to the law of the case, and that there was no reversible error in refusing to give the instructions tendered by appellant. The evidence sustains the verdict. The judgment is affirmed.