CALLON ET AL. *v.* MERCHANTS NATIONAL BANK ET AL.

[No. 10,528. Filed January 25, 1921.]

APPEAL.—*Special Finding.—When Treated as General Finding.*— Where appellants set forth in their brief what purports to be a special finding, but such finding as it appears in the record was not signed by the trial judge, nor brought into record by a bill of exceptions, nor made part of the record by order of the court, such finding cannot be considered on a special finding, but only as a general finding.

From Marion Superior Court (104,491); *Ernest R. Keith,* Judge.

Action by the Merchants National Bank against Harry A. Callon and others. From a judgment for plaintiff, certain defendants appeal. *Affirmed.*

*Clarence W. Nichols,* for appellants.

*Charles A. Dryer* and *Clifton R. Cameron,* for appellees.

ENLOE, J.—This action was begun by the appellee The Merchants National Bank in the court below, and each and all the other parties to this appeal were named as defendants therein.

The appellants Callon and Callon had in April, 1915, entered into a contract with the city of Columbia City, and the school city of Columbia City to provide all the materials for, and do all the work necessary to install a certain heating plant to furnish heat to the courthouse and high school building in said city. They sublet a part of said work—the excavating, concrete work, and filling of a certain conduit—to the appellee Federal Contracting Company, and said company entered upon the work so contracted to be done by it, but did not finish its contract. After said contracting company had entered upon the work to be done by it under the contract, it, from time to time, borrowed money from appellee The Merchants National Bank, with which to meet the pay rolls, and executed its promissory notes—six in number and aggregating $4,000—with appellee Julius Keller as indorser thereon. The bank also took an assignment to itself of all money which might thereafter be due to said contracting company from appellants Callon and Callon on account of work performed on said contract. The notes thus executed becoming due and remaining unpaid, the bank brought suit thereon.

Various pleadings were filed, not necessary to be set out in detail in this opinion, and the issues, being closed, were submitted to the court for trial, with a proper

request that the court make a special finding of the facts and state its conclusions of law thereon.

Appellants in their brief have set forth what they inform us is the special finding of facts as made by the court, but said special finding, as found in the record herein, is not signed by the trial judge, nor is it brought into the record by bill of exceptions, or made a part of the record by order of the court. *Coffinberry* v. *McClellan* (1905), 164 Ind. 131, 73 N. E. 97. It is not therefore in such form that we can consider it. *Chapin* v. *DuShane* (1903), 32 Ind. App. 1, 69 N. E. 174, and cases there cited. We can only treat said finding as a general finding. *Martin* v. *Marks* (1900), 154 Ind. 549, 57 N. E. 249.

This general finding, in legal effect, was (1) that the appellees Federal Contracting Company and Julius Keller were indebted to appellee bank on the notes sued on in the amount thereof; and (2) that the appellants Callon and Callon were indebted to said Federal Contracting Company on account of work by them done under their said contract; and (3) the amount of such indebtedness.

The court rendered judgment in favor of said bank, on said notes, in the sum of $5,292.67, and also judgment in favor of said bank and said contracting company, and against the appellants herein, in the sum of $3,034.51, of which sum the appellee Federal Contracting Company entered a remittitur in the sum of $107.23, leaving the net amount of said judgment against appellants at $2,927.28.

The appellants' motion for a new trial having been overruled, they prosecute this appeal, and have assigned as error the action of the court in overruling this motion.

The only questions presented for our consideration,

upon the briefs and record before us, is whether the finding of the court is sustained by sufficient evidence, and whether there was error in the assessment of the amount of the recovery.

A careful reading of the evidence convinces us that the finding of the court is supported by sufficient evidence, and we fail to find wherein the amount of the recovery is erroneous. The judgment is therefore affirmed.