## JORDAN v. JORDAN.

[No. 11,151. Filed October 25, 1922.]

1. APPEAL.—*Special Findings.—When Treated as General Findings.*—A special finding of facts which has not been signed by the trial judge, or made part of the record by a bill of exceptions, or filed and made part of the record by an order of the trial court, can only be regarded as a general finding. p. 618.

2. APPEAL.—*Record.—Special Findings.—Conclusions of Law.—Incorporation in Record by Order of Court.—Sufficiency of Order.*—An order of the court with reference to special findings and conclusions of law which did not set them out, but merely used the words "here insert" at the place where they should have appeared, *held* insufficient to make the findings and conclusions of law thereon part of the record. p. 618.

3. APPEAL.—*Record.—Incorporation of Matter by Order of Court.—Requisites of Order.*—To make a matter part of the record by means of an order of the trial court it is essential that such matter be set out in the order. p. 618.

4. APPEAL.—*Record.—Matter Incorporated.—Special Findings.—Conclusions of Law.—Statutes.*—Special findings and conclusions of law thereon, although made and stated in a cause pursuant to the request of one of the parties, and filed by the court, are not mere papers filed in a cause within §663 Burns' Supp. 1921, Acts 1915 p. 134, providing that every pleading, motion in writing, report, deposition or other paper filed or offered to be filed, whether received by the court, refused or stricken out, are part of the record from the time of filing, or offer to file; the findings and conclusions evidencing judicial determinations, and, when properly identified, importing verity. p. 621.

5. REPLEVIN. — *Demand. — When Necessary.*— Notwithstanding the rule in replevin which requires that a demand for the return of the property shall precede the action, where one comes into possession of the goods of another lawfully, facts and circumstances which show that a demand would have been unavailing will obviate the necessity therefor. p. 622.

6. REPLEVIN.—*Questions of Fact.—Demand for Return of Property.*—In an action in replevin, whether a demand for the return of the property preceded the action, or, had a demand been made, it would have been unavailing, are questions of fact for the court or jury trying the case. p. 622.

7. APPEAL.— *Review.— Evidence.— Sufficiency.*—Where there is some evidence tending fairly to establish every fact essential to plaintiff's right of recovery, the decision of the trial court in his favor is conclusive, although the evidence may, in some particulars be strongly contradicted. p. 624.

From Marion Circuit Court (32,869); *Harry O. Chamberlin,* Judge.

Action by Rosealba J. Jordan against Arthur Jordan. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James W. Noel* and *Hubert Hickam,* for appellant.
*John O. Spahr* and *Beckett & Beckett,* for appellee.

BATMAN, C. J.—This is an appeal from a judgment in an action in replevin instituted by appellee against appellant. The errors properly assigned are based on the actions of the court in stating each of its conclusions of law on the special finding of facts, and in overruling appellant's motion for a new trial.

Appellee contends that no question is presented by this appeal, since each proposition or point contained in appellant's brief is based on an alleged special

1. finding of facts and conclusions of law stated thereon, which are not a part of the record. It is the settled law in this state that a special finding of facts which has not been signed by the trial judge, or made a part of the record by a bill of exceptions, or filed and made a part of the record by an order of the trial court, can only be regarded as a general finding. *Service* v. *Gambrel* (1886), 110 Ind. 349, 11 N. E. 240; *Coffinberry* v. *McClellan* (1904), 164 Ind. 131, 73 N. E. 97; *Coulter* v. *Crawfordsville Trust Co.* (1909), 45 Ind. App. 64, 88 N. E. 865; *Callon* v. *Merchants Nat. Bank* (1921), 74 Ind. App. 639, 129 N. E. 482; *Massachusetts, etc., Ins. Co.* v. *Indiana State Bank* (1921), 76 Ind. App. 608, 132 N. E. 693.

In this case it is not contended that the purported special finding of facts and conclusions of law, found in the transcript, were signed by the trial judge, or

2, 3. made a part of the record of the trial court by a bill of exceptions. It only remains for us to de-

termine if they became a part of such record by an order of court. The first recital in the transcript, relating to a special finding of facts and conclusions of law, after a showing of a request therefor by appellant, is the following: "And afterwards, to wit: on the 2nd day of February, 1921, being the 27th judicial day of the January Term 1921, of said court, before the same honorable judge thereof, the following proceedings were had herein viz.:" Then follows thirty-seven pages, which contain matter in the form of a special finding of facts and conclusions of law, and so entitled, but neither are signed by the trial judge. Immediately following these pages we find this entry:

> "And afterwards to wit on the same day the same being the same judicial day of said court, before the same honorable judge thereof, the following further proceedings were had herein, viz.: The defendant in the above entitled cause having filed before the trial of said cause his request that the court find and return a special finding of facts therein and state his conclusions thereon; and all the evidence having been heard in said cause and the court being duly advised in the premises now makes and files his special finding of fact in said cause in the language following, to wit: (H. I.) And the court after the making and filing of said finding of facts states his conclusions of law thereon as follows, to wit, (H. I.) to each of which conclusions of law, separately and severally, the defendant at the time excepted and now excepts. * * *."

This is all that appears with reference to the alleged special finding of facts and conclusions of law, and is not sufficient to show that they were made a part of the record of the trial court by an order thereof. To make a matter a part of the record by that means, it is essential that such matter be set out in the order. *Close* v. *Pittsburgh, etc., R. Co.* (1898), 150 Ind. 560, 50 N. E. 560; *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 57

N. E. 917; *Board, etc.* v. *Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Bartmess* v. *Holliday* (1901), 27 Ind. App. 544, 61 N. E. 750; *Roney* v. *Rodgers, Sheriff* (1921), 190 Ind. 368, 130 N. E. 403. As said in the case first cited, "To make matters outside of the record a part thereof by order instead of bill of exceptions, in the very nature of the transaction, the added matter must be spread upon, or written into the record. That can only be done by setting such matter forth in the order. Otherwise, this court could never tell what extrinsic matter had been added to or incorporated in the record. Before the extrinsic matter can become a part of the record by such an order it must be designated in the order at *least*, as all must admit. And if the extrinsic matter is simply designated or named in the order, without setting it forth therein, then something has been named or designated that is yet still remaining outside of the record that is by virtue of such order to become a part of the record. And who is to be the judge of what foreign matter is to go into the record under the order? The judge alone who makes the order is clothed with the power to decide what specific and particular extrinsic matter shall go in under the order. But if that thing is not set forth in the order, then the right of the judge to determine what extrinsic matter shall go in under such order is taken away, and such judicial function is left to be performed by the clerk. That cannot be done in any case. This is so, because if the order merely designates the extrinsic matter, without setting it forth in the order, the clerk alone is left to say what shall go in under the order, even though such foreign matter may appear elsewhere in the transcript. But when such matter is set forth in the order, making it a part of the record, the judge alone determines what shall go in under the order." It will be observed that the transcript fails to show that the essential stated above is

present in the instant case. The alleged special finding of facts and conclusions of law do not appear in the record as a part of any order of court, but only as proceedings in the case, under a statement to that effect, made by the clerk in preparing the transcript. True, an entry appears which states that "the court, being duly advised in the premises, now makes and files his special finding of facts in said cause in the language following, to wit: (H. I.) * * * and states his conclusions of law thereon as follows, to wit: (H. I.)," but this did not suffice to make such finding and conclusions a part of the record, as it has been expressly held, that a paper or document cannot be made a part of the record by use of the words "here insert." *Close* v. *Pittsburgh, etc., R. Co., supra; Town of Fredericksburg* v. *Wilcoxen* (1902), 158 Ind. 359, 63 N. E. 566. We conclude that no order of court is shown by which the alleged special finding of facts and conclusions of law were made a part of the record of the trial court.

But appellant contends that the alleged special finding of facts and conclusions of law, found in the transcript, are a part of the record of the trial court by virtue of the following provisions of the statute:

4. "Every pleading, motion in writing, report, deposition or other paper filed or offered to be filed, in any cause or proceeding, whether received by the court, refused or stricken out, shall be a part of the record from the time of such filing or offer to file. Any order or action of the court in respect to any such pleading, motion in writing, report, deposition or other paper, and every exception thereto taken by any party shall be entered by the clerk on the minutes or record of the court, and the same when so entered shall be a part of the record without any bill of exceptions. * * *" Acts 1915 p. 134, §663 Burns' Supp. 1921.

We cannot concur in this contention. It is evident

that a special finding of facts and conclusions of law thereon, although made and stated in a cause pursuant to the request of one of the parties, and filed by the court as recited in the record in the instant case, are not mere papers filed in a cause to be "received by the court, refused or stricken out," as stated in the statute quoted above. They evidence judicial determinations, and, when properly identified in one of the ways stated above, they import verity. This being true, strong reasons exist for adherence to the rule, long recognized and enforced in this state, with reference to their identification. As said in the case of *Sackett* v. *Price County* (1907), 130 Wis. 637, 110 N. W. 821: "It is easy to see that confusion and uncertainty might result from failure of the judge to sign his findings, since in many cases it might be difficult to determine whether the findings, unsigned and appearing in the record, were the findings of the court or those prepared by counsel, or whether findings had been, in fact, passed upon by the judge." In this state such confusion and uncertainty might be avoided by making the finding and conclusions a part of the record by a bill of exceptions or an order of court, but as neither of these courses was pursued in the instant case, the uncertainty remains. We conclude that the alleged special finding of facts and conclusions of law, found in the transcript in the instant case, cannot be considered a part of the record, except in so far as the former may be treated as a general finding.

The only ground for a new trial, to which appellant has attempted to direct any proposition or point, is, that the decision of the court is not sustained by sufficient evidence. It is contended, in support of this ground, that the uncontradicted evidence shows that appellant's possession of the goods in question was lawful, and hence a demand was necessary to render his possession unlawful; that until his possession

became unlawful, an action by appellee to replevin such goods could not be maintained; that the evidence fails to show a proper demand, prior to the commencement of the action, and hence this essential to appellee's right of recovery is absent. In considering this contention it should be borne in mind, that notwithstanding the elementary rule in the law of replevin which requires that a demand shall precede such an action, where a person comes into possession of goods of another lawfully, facts and circumstances which show that a demand would have been unavailing will obviate the necessity therefor. 34 Cyc 1410; 23 R. C. L. 889; *Nielsen* v. *Hyland* (1918), 51 Utah 334, 170 Pac. 778; *Kee & Chapell, etc., Co.* v. *Pennsylvania Co.* (1920), 291 Ill. 248, 126 N. E. 179; *Studebaker Co.* v. *Witcher* (1921), 44 Nev. 468, 199 Pac. 477, 201 Pac. 322. Whether a demand was made, or, had one been made, it would have been unavailing, are questions of fact for the court or jury trying the cause. 34 Cyc 1519; *Meeker Hotel Co.* v. *Forgan* (1919), 71 Ind. App. 199, 124 N. E. 505. In determining the latter question, the court or jury may consider the character of the defense made to the action after it has been instituted, as well as the statements and conduct of the defendant occurring prior thereto. Cobbey, Replevin §448; 34 Cyc 1411; *Wimbrow* v. *Morris* (1912), 118 Md. 91, 84 Atl. 238, 47 L. R. A. (N. S.) 882; *Guthrie* v. *Olson* (1890), 44 Minn. 404, 46 N. W. 853; *Burrier* v. *Cunningham Piano Co.* (1919), 135 Md. 135, 108 Atl. 492; *Thompson* v. *Thompson* (1903), 11 N. D. 208, 91 N. W. 44; *Stauffer* v. *Kessler* (1921), (Ind. App.) 130 N. E. 651; *Whitten* v. *Kemp* (1922), 77 Ind. App. 615, 134 N. E. 211. In the instant case there is substantial evidence from which the court may have properly concluded that a demand would have been unavailing. This renders it unnecessary for us to consider whether or not a demand was made, and if so, whether

it was sufficient to meet the requirements of the law in that regard.

Appellant has challenged the sufficiency of the evidence in other particulars, but an examination of the record discloses some evidence tending fairly to 7. establish every fact essential to appellee's right of recovery. Where this is true we must accept the decision of the court as conclusive, although the evidence, in some particulars, may be strongly contradicted and not entirely satisfactory. *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84; *Seibold* v. *Welch* (1922), *ante* 238, 135 N. E. 258. Appellant having failed to show any reversible error in the record, the judgment is affirmed.

Remy, J., not present.