[No. 1310.]

JOHN IRVINE, APPELLANT, v. ELLEN HAWKINS ET AL.,
RESPONDENTS.

BOND FOR DEED—VENDOR AND VENDEE—RIGHTS OF VENDEE—TEN-
DER.—One who held a recorded bond for a deed to certain land
conditioned to be delivered on payment of a balance of the price at a
certain time, conveyed the same to one R., who paid such balance at
the time specified, and a deed was delivered by the vendor's agent
who had been instructed to deliver it only on payment of the balance,
and a certain sum for expenses incurred in the preparation of the
deed. Afterwards, on demanding this sum, R. refused to pay it,
returned the deed, and was refunded the amount paid. *Held*, that
R. was entitled to a conveyance of the legal title from one to whom
the vendor subsequently conveyed it, on payment of the balance of
the price, and without a previous tender thereof.

IDEM — CONTRACT — DEMAND — TENDER — CONDITION PRECEDENT. — The
convenants in the contract were dependent, and the acts to be
performed concurrent. The contract did not make a tender or
demand necessary by either party to fix the liability of the other.
Tender or demand was not a condition precedent to the enforcement of
rights under the contract.

IDEM—MONEY DEPOSITED IN COURT—WHEN NOT NECESSARY.—Where a
party seeks to enforce his right by way of equitable defense to an
action of ejectment against him, it is no ground of objection that the
unpaid purchase money was not deposited in court at the time of
filing his answer.

APPEAL from the District Court of the State of Nevada,
Washoe County.

R. R. BIGELOW, District Judge.

The facts are stated in the opinion.

*William Webster*, for Appellant.

I. It is not necessary for a plaintiff in ejectment to show both
a legal and equitable right to possession before a recovery can be
had.

II. A tender sufficient to discharge a contract must be so
complete and perfect as to vest the absolute property in the
person to whom it is tendered. (*Schrader* v. *Wolflin*, 21 Ind.
238.) Tender must be always of a definite character. (*Eastland*
v. *Longshorn*, 1 Nott & McC. 194; *Pulsifer* v. *Shepard*, 36 Ill.
513.) There was a tender by Mrs. Hawkins. If there was no
tender the respondents have no standing in court with their

affirmative case. Tender is a condition precedent to a right of action for specific performance. The terms of the bond are such that no proceeding at law or in equity could be maintained before the purchase money is paid, or tender thereof made, and if not made preceding summons issued the action is premature and without right, and should be dismissed. (*Kirby* v. *Harrison,* 2 Ohio St. 326; 59 Am. Dec. 677.) At common law, when tender is relied upon, it must be kept good and ready for the creditor, to be available as a plea. (*Rose* v. *Brown,* Kirby, 293; 1 Am. Dec. 22; *Pulsifer* v. *Shepard,* 36 Ill. 513; *Webster* v. *Pierce,* 35 Ill. 158; *Dewees* v. *Lockhart,* 1 Tex. 539; *Brock* v. *Jones,* 16 Tex. 461; *Mason* v. *Croom,* 24 Ga. 211; *Roosevelt* v. *Bull's Head Bank,* 45 Barb. 579.)

III. The established rule now is, as it has been, to pay the money into court when a plea of tender is made and relied upon, so it shall be always ready for the creditor. (*Cullen* v. *Green,* 5 Harr. 17; *Clark* v. *Mullenix,* 11 Ind. 532; *Jarboe* v. *McAtee,* 7 B. Mon. 279; *Young* v. *Daniels,* 2 Iowa, 126; 63 Am. Dec. 477; *Becker* v. *Boon,* 61 N. Y. 317.)

IV. The vendor of premises, after default in the payment of the purchase money, has the right, at his election, to treat the vendee as his tenant, or as a trespasser, and eject him by suit. (*Jackson* v. *Camp,* 1 Cow. 605; *Jackson* v. *Miller,* 7 Cow. 751; *Browning* v. *Estes,* 3 Tex. 462; 49 Am. Dec. 760; *Harris* v. *Catlin,* 53 Tex. 1; *Fears* v. *Merrill,* 9 Ark. 559; 50 Am. Dec. 226.)

*Thos. E. Haydon,* for Respondents.

I. The acquiescence or concurrence of Clark in Hawkins' possession, and his bond, gave her the equitable title, accompanied with the possession of the premises, sufficient to entitle her to eject any person who divested her of such possession. (*Love* v. *Watkins,* 40 Cal. 565; 6 Am. Rep. 624; *Bodley* v. *Ferguson,* 30 Cal. 511; *Morrison* v. *Wilson,* 13 Cal. 498; 73 Am. Dec. 593; *Willis* v. *Wozencraft,* 22 Cal. 607.)

II. The requirement as to paying the money into court on a tender is: *first,* it shall be well plead; *second,* it should be in court at the time of trial. (*Brooklyn Bank* v. *De Grauw,* 23 Wend. 342; 35 Am. Dec. 571.)

III. Rhue's deed from Mrs. Hawkins, though given as security, is still nevertheless a deed as to all other persons, and

entitled him to make a tender and demand a deed from Clark, and from plaintiff as his grantee. (*Hughes* v. *Davis*, 40 Cal. 120; *Brophy M. Co.* v. *Brophy & D. etc. Co.*, 15 Nev. 107.) The tender of performance in this case by defendants entitles them to a specific performance of Clark's agreements. Appellant was put on notice of Mrs. Hawkins' rights; *first*, by the bond on record; *second*, by Mrs. Hawkins actual living upon and possession of the premises. (*Ellis* v. *Jeans*, 7 Cal. 409; *Stafford* v. *Lick*, 7 Cal. 479; *Bryan* v. *Ramirez*, 8 Cal. 462; 68 Am. Dec. 340; *Bird* v. *Lisbros*, 9 Cal. 1; 70 Am. Dec. 617; *Hellman* v. *Levy*, 55 Cal. 117; *Davis* v. *Baugh*, 59 Cal. 569.) A party to rescind a contract must put the other party in *statu quo*. (*Walker* v. *Sedgwick*, 8 Cal. 398; *Watts* v. *White*, 13 Cal. 321; *Purdy* v. *Bullard*, 41 Cal. 444; *Weil* v. *Jones*, 53 Cal. 47; *Haynes* v. *White*, 55 Cal. 38.) Against ejectment defendant may tender purchase money at trial. (*Willis* v. *Wozencraft*, 22 Cal. 608; *Marlin* v. *Willink*, 7. S. & R. 297; *Richardson* v. *Kuhn*, 6 Watts, 299; *Bassler* v. *Niesly*, 2 S. & R. 355.)

By the Court, BELKNAP, J.:

A. J. Clark was the owner of the premises described in the complaint. Upon the twentieth day of May, 1879, he bargained them to defendant Ellen Hawkins for two hundred dollars, payable, one hundred dollars down, and the remaining one hundred dollars on or before the expiration of six months thereafter. He delivered his bond for a deed subject to these conditions to Mrs. Hawkins. Thereafter Mrs. Hawkins entered into possession of the premises, and becoming indebted to defendant Rhue, conveyed her interest therein to him by deed absolute upon its face, but intended as a mortgage to secure payment of the indebtedness. The bond and deed were recorded in the records of the county during the month of June, 1879. Upon the day the remaining one hundred dollars of the purchase money became due, Rhue requested a deed. Clark caused the deed to be prepared and sent to Rhue at his place of business in Reno. The person whom Clark sent delivered the deed and received one hundred and twelve dollars, that being the amount of principal and interest due. He had been instructed, however, to obtain five dollars additional to cover expenses incurred in the preparation of the deed. This matter escaped his attention for the moment, but recurred to

him before leaving, and he demanded it, saying that Clark would be dissatisfied if he returned without it. Rhue refused, returned the deed, and received back the money paid. Clark approved of the action taken in his behalf. Upon the fourteenth day of August, 1883, plaintiff acquired Clark's interest in the premises by purchase, and thereafter commenced the present action of ejectment. Defendants, by way of equitable defense, established the facts above stated, and obtained a decree awarding plaintiff one hundred and twelve dollars (the unpaid purchase money,) and requiring him to convey the legal title to defendant Rhue. From the judgment, and an order overruling a motion for a new trial, plaintiff appeals.

The principal objection urged is that the equitable defense could not be maintained without a tender of the purchase money. The transaction at Rhue's, if not amounting to a tender, at least dispensed with it. But respondent was not required to make an unconditional tender as a prerequisite to relief, although a failure to offer to perform would, under the contract, have entitled the vendor to interest until the completion of the purchase. Rhue was entitled to receive a deed upon paying the money, and Clark was entitled to the money upon delivering a deed. The covenants were dependent, and the acts to be performed, concurrent. Otherwise a purchaser might pay his money without receiving a conveyance. The contract does not make a tender or demand necessary by either party to fix the liability of the other. Tender or demand is not, therefore, a condition precedent to the enforcement of rights under the contract.

In *Bruce* v. *Tilson*, 25 N. Y. 197, the court of appeals said: "The contract not making a request or demand essential to the right of the vendor to enforce performance, the law does not annex it as a condition, and it is sufficient if he offers to perform in his bill of complaint, and is able to perform at the time of the final decree. A request by action is sufficient, and a request before action is not necessary. The distinction between an action for a specific performance in equity and a suit at law for damages, for non-performance, is this: that in the latter, the right of action grows out of a breach of the contract, and a breach must exist before the commencement of the action, while in the former, the contract itself, and not a breach of it, gives the action. A demand of

388    IRVINE *v.* HAWKINS.    [Sup. Ct.

Opinion of the Court—Belknap, J.

performance before suit brought is only important in reference to the costs of the action, and has no bearing upon the merits or rights of the parties; but, by a demand and refusal, the party liable to perform is put in the wrong, and in the situation of unreasonably resisting the claim of his adversary, and is, therefore, chargeable with costs. Costs in equity are always in the discretion of the court, and whether they are granted or withheld, they are but as incidents to and no part of the relief sought. A party getting the relief asked may be compelled to pay costs; but, nevertheless, his cause of action had accrued upon the filing of the bill or the commencement of the suit." In the same case it is said: " In order to put a party in default, in the case of dependent covenants, so as to subject him to an action at law, there must be a tender of performance by the other party to the covenant or agreement, and a demand of performance on his part; and when an act is to be done requiring time for its performance, a reasonable time must be given for such performance, unless the party of whom the demand is made absolutely refuses to perform at the first demand. An action at law upon the contract, or to recover back the consideration, as upon a rescission of the contract by the act of one of the contracting parties, can only be maintained upon such technical and formal default, unless it may be in some exceptional cases, as, when a party has put it out of his power to perform, so that a tender and demand would be nugatory." (Page 196; *Freeson* v. *Bissell* 63 N. Y. 168; *Gray* v. *Dougherty,* 25 Cal. 282.)

It is also objected that respondent did not deposit the unpaid purchase money in court upon filing the answer. The objection assumes the necessity of making and maintaining a tender. The views already expressed dispose of the objection so far as it is based upon this ground. The question whether a vendee seeking specific performance of a contract for the purchase of land must bring the purchase money into court was decided by this court in *Schroeder* v. *Gemeinder,* 10 Nev. 367. In that case it was held that the rights of a party should not be defeated by such omission, and that if the justice of the case required it the trial court could, in its discretion, order the money brought in. See, also, *Webster* v. *French,* 11 Ill. 275, where the subject received thorough consideration. In the present case the money was in fact voluntarily brought into court several days before the trial.

The judgment and order are affirmed.