[No. 2400]

# STUDEBAKER BROTHERS COMPANY OF UTAH (A CORPORATION), RESPONDENT, v. A. B. WITCHER, A. JURICH, GEORGE A. McDONALD, AND BARTLEY J. SMITHSON, APPELLANTS.

[199 Pac. 477; 201 Pac. 322]

1. REPLEVIN—DEMAND IS REQUIRED ONLY TO PROTECT INNOCENT POSSESSOR FROM COURT COSTS.

   A previous demand for the property is not always necessary to sustain an action for replevin, but such demand is required only where the possession was innocent and for the purpose of protecting the innocent possessor from liability for court costs.

2. REPLEVIN—ABSENCE OF DEMAND DOES NOT DEFEAT RECOVERY WHERE DEFENDANTS CONTESTED PLAINTIFF'S RIGHT.

   Even though defendants' possession of property was innocent, the failure of plaintiff to demand surrender thereof before instituting replevin does not invalidate a judgment for plaintiff where defendants, instead of protecting themselves against court costs by tendering judgment under Rev. Laws, 5265, contested plaintiff's right to the property in the court below and on appeal, and thereby showed that a demand by plaintiff would have been fruitless.

3. APPEAL AND ERROR—DEFENDANTS HELD NOT ENTITLED TO COMPLAIN OF FINDING THEY WERE IN POSSESSION.

   Defendants in a replevin action claiming on appeal that they were in possession of the property merely as agents of the codefendant cannot complain that the court found all the defendants were in possession of the property, without a finding of agency, where defendants made no request for a finding they were agents.

4. EVIDENCE—FAILURE OF PARTY TO TESTIFY TO FACTS WITHIN KNOWLEDGE RAISES INFERENCE AGAINST HIM.

   The failure of a party to testify to facts which are peculiarly within his own knowledge gives rise to the inference that his testimony would be contrary to his theory of the case.

5. APPEAL AND ERROR—CONTENTION THAT SOME DEFENDANTS WERE IN POSSESSION OF REPLEVIED PROPERTY AS AGENTS CANNOT BE FIRST RAISED ON APPEAL.

   Defendants in replevin who did not urge upon the trial court the theory that they were in possession of the property only as agents of a codefendant cannot raise that question for the first time on appeal.

6. APPEAL AND ERROR—FINDING WILL NOT BE IMPLIED TO OVERTHROW JUDGMENT.

   Where there was no finding by the trial court that the appealing defendants were in possession of the replevied prop-

erty as agents of their codefendant, no finding to that effect will be implied to overthrow the judgment, even if the record would support such finding.

### ON PETITION FOR REHEARING

1. APPEAL AND ERROR—REHEARING FOR PURPOSE OF MODIFYING JUDGMENT DENIED.

The granting of a rehearing is not essential to procure a modification of a judgment, and petition therefor will be denied, with leave to apply for such modification, if necessary to protect appellants.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Replevin by the Studebaker Brothers Company of Utah against A. B. Witcher, A. Jurich, and others. Judgment for plaintiff, and defendants Jurich and others appeal. **Affirmed. Petition for rehearing denied.**

*A. Jurich,* for Appellants:

The law applicable to the facts in this case require proof upon the part of plaintiff before it can recover that the contract in evidence is a conditional bill of sale and not a mortgage; that there was an unlawful taking; that there was an unlawful detention; that, if the taking was lawful, a demand had been made for the return of the property, and that the property was in the possession of the defendants at the time of the commencement of the action.

Appellant Witcher obtained lawful possession of the property. Roach v. Binder, 1 Colo. 322; Lynch v. Beecher, 38 Ky. 490; Torian v. McClure, 83 Ind. 310; Conner v. Comstock, 17 Ind. 90; Wood v. Cohen, 63 Am. Dec. 389; Kellogg v. Olsen, 34 Minn. 103; Barrett v. Warren, 3 Hill, 348. Such a purchaser cannot be deemed a wrongdoer for merely retaining, in the absence of any demand, what he has in good faith acquired (Buckhalter v. Mitchell, 27 S. C. 240; Lyle v. Barnes, 139 N. W. 338), and should not be subjected to suit without an opportunity to surrender the property. Millspaugh v. Mitchell, 8 Barb. 333; Buckhalter v. Mitchell, supra. This rule applies regardless of the

manner of delivery to the defendant, if no fraud can be imputed to him. Fuller v. Lewis, 3 Abb. Pr. 383.

As the original possession was lawful, unlawful detention must be relied upon, in which event a demand is required. Paige v. O'Neal, 12 Cal. 483; Bacon v. Robson, 53 Cal. 399; Stone v. O'Brien, 7 Colo. 458; Harrison v. McCasland, 29 Ill. App. 430; Chandler v. Calcord, 1 Okl. 260; Hopkins v. Bishop, 91 Mich. 328. If possession was rightfully acquired, a demand is necessary to make a subsequent detention wrongful. Gorden v. Johnson, 1 Kan. App. 656; Newmand v. Jenne, 47 Me. 520; Bent v. Jones, 172 Ill. App. 62; Bank v. Bank, 23 Okl. 767; 34 Cyc. 1405.

If appellant was acting as an agent, replevin will not lie. McDougalls v. Travers, 24 Hun, 590; Kimball v. McDermott, 134 S. W. 72; 31 Cyc. 1561.

*Chandler & Quayle,* for Respondent:

Appellant Jurich's position in this case is almost exactly like that of appellant Witcher in Case No. 2399, and his liability to respondent is the same.

Even if he acted as agent, he is equally with the principal liable to third persons. "While an agent is not liable to third persons for injury resulting from his omission to perform a duty owed to the principal alone, he is liable to them for injury resulting from his mis-feasance or malfeasance, meaning by those terms the breach of duty owed to third persons generally, independent of the particular duties imposed by his agency." 31 Cyc. 1560. "The authorities are uniform that a plea of agency is no defense to a charge of positive wrongdoing." 50 L. R. A. 644.

By the Court, COLEMAN, J.:

This is an appeal by defendants Jurich, McDonald, and Smithson from an order denying a new trial and from a judgment against them.

The record is the same as that in the case of Studebaker Brothers Company of Utah v. Witcher, et al. (No. 2399) 44 Nev. 442, 195 Pac. 334, and the points

urged on that appeal are, with one other, urged on this appeal. For a detailed statement of the facts we refer to that case. However, it may not be out of place to give herein a skeleton outline of the facts.

On April 3, 1917, one Flamm, a resident of Salt Lake City, entered into a contract with respondent for the purchase of an automobile, agreeing to pay therefor a fixed sum, in installments. It was agreed that title to the car should remain in respondent until full payment of the purchase price, and that the car should not be removed from the state. Prior to full payment being made, Flamm took the car out of the State of Utah and into the State of Nevada. After arriving in Nevada with the car, Flamm was sued and the car attached. In due course of time a judgment was rendered against him, and the car sold to satisfy the judgment; defendant Witcher becoming the purchaser thereof.

Respondent brought this action of replevin to recover possession of the car, claiming ownership thereof. All of the defendants resisted the action, upon the theory that the contract between plaintiff and Flamm was a mere chattel mortgage, and that, having no notice thereof, Witcher was an innocent purchaser for value, and that he and those claiming through him should be protected. We decided adversely to this contention in the Witcher case, supra, and that decision is binding upon this appeal. We adhere to all that was said therein.

1. We deem it proper to consider only two questions, the first of which is that plaintiff cannot prevail, since no demand was made for possession of the car before the action was brought. The contract in question between respondent and Flamm being merely a conditional sale, as held in the Witcher case, supra, the defendants could not acquire any rights through Flamm superior to the respondent company, and demand in an action of this kind is not always necessary for every purpose; and, even though the defendants came into possession of the property innocently, where the right

of possession was in respondent, appellants were entitled to have a demand made only for the purpose of affording them an opportunity to deliver the property without being subjected to court costs in connection therewith.

2. It is apparent from the record that a demand would have been fruitless. The defendants contested the action in the trial court upon the merits, and, that court having decided adversely to them, they have appealed to this court, where they insist that the judgment should be reviewed upon the merits, as well as for the technical reason that there was no demand prior to the bringing of the action. The law does not require vain or fruitless things of any one, nor will it tolerate another shielding himself by insisting upon a right which his conduct shows he would not have availed himself of had an opportunity been offered. The rule which we have enunciated is not only sustained by reasoning, but is sanctioned by the great weight of authority. 23 R. C. L. 888; 34 Cyc. 1410. The rule which we have stated is analogous to that declared by this and other courts—that a tender of money is not necessary when such a tender will avail nothing. Irvine v. Hawkins, 20 Nev. 384, 387, 22 Pac. 240. In Wertz v. Barnard, 32 Okl. 426, 122 Pac. 649, it is said:

" 'If no demand is made, and the original possession of the defendant be lawful, and he tenders the property to the plaintiff, and upon its delivery by proper answer or plea discharges the action, costs should be taxed against the plaintiff. If the defendant does not pursue this course, and contests the action, the writ will be sufficient demand, and defending the suit a refusal'— citing Chipman v. McDonald, 9 Kan. App. 882, 57 Pac. 252; Dearing v. Ford, 13 Smedes & M. (Miss.) 274; 24 Am. & Eng. Ency. Law (2d ed.) 510; footnotes 4 and 6, Shinn on Replevin, sec. 316; Cobbey on Replevin, sec. 450."

This rule is in line with the policy of this state as declared by our legislature, which has enacted:

"The defendant may at any time before trial or

judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the * * * property, or to the effect therein specified. * * * If the plaintiff fail to obtain a more favorable judgment he shall not recover costs, but shall pay the defendant's costs from the time of the offer." Rev. Laws, 5265.

If defendants had claimed no right to the automobile superior to that of the plaintiff, they could have protected themselves by proceeding under this statute. But they do not come within the statute. They are not persons intended to be protected by it, for the reason that they defended, asserting a superior right to that of the plaintiff.

The second contention is that the appellants are mere agents of Witcher, and that a different rule should apply to them than to him. Whatever may be the correct rule of law applicable where an agent is sued alone while in the exclusive possession of property, as such agent, we are not called upon to determine. Such is not this case. The facts of this case are not only unusual but unique, to say the least. Flamm bought the car April 2, 1917. On June 30 it was sold under execution. The undisputed testimony is that on July 21 the car was red and not in need of repainting. When next seen on August 29 by a representative of respondent (less than three months after the purchase), it had been painted green. On the date last mentioned two of the appellants disclaimed ownership of the car, one of them saying it was owned by some fellows at the "flat," but that he had an interest in it. The trial court found that at the time of and prior to the bringing of the action, and at the time of the trial, the defendants, all of them, "did unjustly hold and detain" the possession of the car. The fact that Smithson and McDonald were in possession of the car on August 29 is consistent with the theory of agency. It may also be said that an inference may be drawn that the possession of the car was being juggled for the purpose of making its discovery and recovery impossible. We think, too,

that there is nothing in the record inconsistent with· the finding of the court that all of the defendants were in possession of the car at the time the action was brought.

3.    The appellants should not complain of this finding, especially since they did not request a finding that they were the agents of Witcher, and in view of the further fact that neither of the defendants went upon the stand in their own behalf and testified as to the real facts.

4.    The failure of a party· to an action to give testimony as to facts peculiarly in his knowledge gives rise to the inference that his testimony would be contrary to his theory of the case. Sherman v. S. P. Co., 33 Nev. 385, 402, 111 Pac. 416, 115 Pac. 909, Ann. Cas. 1914A, 287.

5, 6.    In fact, so far as we are able to ascertain from the record, the theory of agency now contended for was not urged upon the trial court, and therefore cannot be raised for the first time on this appeal. In any event, there being no finding by the trial court of agency on the part of these appellants, none will be implied to overthrow the judgment. Wilson v. Wilson, 23 Nev. 267, 45 Pac. 1009.

For the reasons given, the judgment is affirmed.

### ON PETITION FOR REHEARING

By the Court, COLEMAN, J.:

A petition for rehearing has been filed, upon the ground that since we expressed an adherence in our former opinion to the views stated in Studebaker Brothers. Company of Utah v. Witcher, et al. (No. 2399), 44 Nev. 442, 195 Pac. 334, we should have ordered a modification of the judgment, as in that case. If such an order ·be necessary to protect the appellants, the granting of a rehearing is not essential to that end. Hence the petition is denied, with leave to apply within ten days from service of a copy hereof for a modification of the order.

It is so ordered.