[No. 2400]

## STUDEBAKER BROTHERS COMPANY OF UTAH (A CORPORATION), RESPONDENT, *v.* A. B. WITCHER, A. JURICH, GEORGE A. McDONALD, AND BARTLEY SMITHSON, APPELLANTS.

[204 Pac. 502]

1. COSTS—SUPREME COURT'S ORDER MODIFYING ORIGINAL JUDGMENT HELD A "DECISION" WITHIN COURT RULE AS TO FILING OF COST BILL.

Supreme court's final order, modifying its original judgment, *held* a "decision" within court rule requiring cost bill to be filed within five days after the publication or notice of the "decision" of the cause; the "decision" within such statute being the final judgment ultimately disposing of the case.

2. COSTS—MODIFICATION OF JUDGMENT IN REPLEVIN AS TO AMOUNT TO BE PAID IN LIEU OF RETURN OF GOODS ENTITLES DEFENDANTS TO COSTS ON APPEAL.

Where judgment in replevin required defendants to return automobile or pay specified amount, modification of judgment on appeal as to the amount required to be paid in lieu of the return of the automobile afforded defendants relief entitling them to costs, though the judgment was satisfied by the bondsmen of one of the defendants.

APPEAL, by defendants, from clerk's ruling on objection to cost bill. **Reversed, with directions.**

*A. Jurich,* for Appellants:

Appellants having secured the relief of a modification of the judgment, they are entitled to their costs. "In the event no order is made by the court relative to the costs, * * *. the party obtaining any relief shall have his costs." Rev. Laws, 5381.

*Chandler & Quayle,* for Respondent:

The so-called cost bill was not filed within five days after the decision of the cause. Rule 6, Supreme Court. The purpose of the rule is to have the cost bill promptly filed. The whole appeal on the question of costs is disposed of by the fact that the cost bill was not filed in time.

The separate appellants obtained no relief on their appeal.

By the Court, COLEMAN, J.:

This is an appeal, pursuant to supreme court rule 6, from a ruling of the clerk upon an objection to a cost bill.

Appellant in this matter was also an appellant to this court from an adverse judgment rendered in the district court of White Pine County (see 44 Nev. 468, 199 Pac. 477), wherein the court expressed its adherence to certain principles of law enunciated in the case of Studebaker v. Witcher et al., No. 2399 (44 Nev. 442, 195 Pac. 334), from which it followed that the money judgment against appellants should have been modified, but through inadvertence we failed to so order. Thereafter a petition for a rehearing was filed, which was denied (44 Nev. 468, 201 Pac. 322), though leave was granted appellants to apply for a modification of the judgment order. Within the time allowed, appellants made a showing justifying a modification of the original order, whereby the district court was directed to modify its money judgment against the appellants in the sum of $150. Within five days after the receipt of notice of the entry by this court of the order of modification of its former order, the appellants filed with the clerk their cost bill, to which respondent filed its objections. Before the filing of the cost bill, and on the day following the entry of the order modifying the judgment, a remittitur was issued. In apt time, respondent filed objections to the cost bill.

Three grounds are urged in support of the objections:
First, that the cost bill was not filed within five days
after the decision of said cause; secondly, that the
remittitur had been already issued and filed with the
clerk of the trial court before the cost bill was filed;
and, third, that appellants obtained no relief on the
appeal entitling them to costs.

Paragraph 2, rule 6, as printed in 3 Revised Laws,
provides that a cost bill must be filed "within five days
after the publication or notice of the decision of the
cause." Personal service of a copy of the opinion is
equivalent to publication. Rule 15.

It is not intimated that the cost bill was not filed
within five days from receipt of notice of the order
modifying the original judgment. It is contended, how-
ever, that the order of modification was not a decision.
What we shall say in this connection must be considered
as applying solely to the immediate situation in hand.

1. The word "decision," as used in the rule men-
tioned, certainly was intended to apply to the judgment
of the court. It could mean nothing else; and we are
equally as well satisfied that it must be construed to
apply also to the final judgment—that is, the judgment
which ultimately disposes of the case. If such were not
the fact, a party in whose favor a judgment is rendered
modifying a judgment appealed from, where no order is
made to the contrary, would be entitled to recover his
costs, even though a rehearing be granted and upon final
determination the judgment appealed from be affirmed.

We know such was not the intention of the rule, and
no one has had the temerity to so contend. Why should
a different conclusion be reached upon this matter? It is
true that a petition for a rehearing was denied, but in
denying it the court held in abeyance the question of a
modification of the former judgment order, and upon the
filing of an application to modify the same, to which no
objection was interposed, the court entered an order in
modification thereof. It is not suggested that the court
did not have jurisdiction to make said order, nor is there

any intimation that for any reason it should not have been made.  We are of the opinion that to hold that the final order mentioned was not a decision, in the sense contemplated by the rule, would violate not only the spirit of the rule, but would result in a supertechnical interpretation which could not be justified by good morals or by any other standard.  Entertaining these views, the court, of its own motion, when the matter was brought to its attention, recalled the remittitur.

2.  It is also said that appellants obtained no relief by the entry of the order of modification herein.  Two view-points are presented for our consideration in support of this contention: First, that the judgment appealed from was in the alternative, requiring the return of the automobile in question or the payment of money, and that there is no showing that appellants had or would satisfy the judgment in money; and, secondly, that as a matter of fact the judgment was satisfied by the bondsmen of appellant Witcher before the decision was rendered on this appeal.

The last suggestion is, of course, not based upon anything in the record; but we cannot refrain from saying that appellants were driven to the necessity of appealing, so far as appears, to protect themselves.  Had they not appealed, Witcher, the main defendant, having done so, execution might have been issued as against them.  Furthermore, had respondent brought to the attention of the court the fact that the judgment had been settled by the bondsmen of Witcher, it may be that this appeal would have been dismissed upon the ground that the questions involved had become moot.  It is too late now to say that the judgment was settled prior to the rendition of the decision herein.  It is too bad that the parties could not have seen their way clear to so stipulate as to have obviated the necessity of prosecuting this particular appeal pending the disposition of the Witcher appeal, saving counsel and court considerable labor.

As to the first contention, all we need to say is that

the money judgment having been modified, we think appellants are entitled to their costs. Dixon v. S. P. Co., 42 Nev. 73, 91, 172 Pac. 368, 177 Pac. 14, L. R. A. 1918D, 960. So far as the court knows, the judgment has been settled as modified.

It is ordered that the ruling of the clerk be reversed, that the tax costs in favor of appellants in the amount claimed in their cost bill, and that a remittitur issue accordingly.