FRANCES M. MOODY, a Single Woman, Appellant, v. H. A. RILEY, Respondent.

No. 3512

October 18, 1948.                 198 P.2d 447.

*Gordon W. Rice,* of Reno, for Appellant.

*Royal A. Stewart,* of Reno, for Respondent.


## OPINION


By the Court, HATTON, District Judge:

The plaintiff-appellant's complaint sets up a contract alleged to have been made on September 10, 1936, for the sale by the defendant to plaintiff of a certain lot with a building thereon. A general demurrer to the complaint was sustained in the court below, and plaintiff declined to plead further, but permitted judgment to be entered against her and has taken this appeal.

Plaintiff has undertaken, in her complaint, to allege the substance of the contract involved. It is alleged that the total purchase price was to be the sum of $6,000, of which $3,000 was paid on the making of the contract, and the balance of $3,000 was to be paid during the month of January 1947. The defendant agreed to complete, at his own expense, the building situated on the lot referred to; and in the event the building was not so completed before January 1947, the plaintiff had the right to complete the same and deduct the cost thereof from the balance of the purchase price. The plaintiff alleges that the defendant failed to notify her "whether he had elected to complete the aforesaid building at his own expense or permit the plaintiff to do so"; that during the month of January 1947, plaintiff, after diligent search and inquiry, was unable to locate the defendant, in Washoe County, for the purpose of inspecting the building to determine if it had been completed and to

carry out her part of the agreement; that, at divers times since January 1947, plaintiff demanded the conveyance of the lot referred to and tendered the balance of $3,000, less the cost of completing the building "if the same had not in fact theretofore been duly completed by the defendant"; that defendant has failed to execute and deliver to plaintiff a conveyance of the lot and has not repaid to plaintiff the $3,000 originally paid by plaintiff on the contract. The plaintiff prays judgment for the sum of $3,000, together with her costs, and for such other relief as the court may deem just, proper and equitable in the premises.

Under the agreement as alleged, the defendant had until January 1, 1947, to complete the building, and was under no obligation to notify the plaintiff as to his actions in that regard. As implied from the allegations as. to the agreement, the plaintiff had the right, after January 1, 1947, to go upon the premises, inspect the same, complete the building if uncompleted, and pay or tender the balance of $3,000, less the cost of such completion. If the building had been completed by the defendant, the plaintiff of course had the right to pay the remainder of the purchase price and demand a deed. The allegation of plaintiff's general purpose to perform and that plaintiff was unable to find the defendant is not equivalent to allegations to the effect that the plaintiff was able and ready to perform, but that the defendant prevented the plaintiff from inspecting or completing the building and paying the balance of the purchase price. The allegations made are, of course, not strengthened by the intimation, on the oral argument, that winter weather prevented an inspection of the property by the plaintiff.

The defendant contends, first, that the alleged tender by the plaintiff came too late. Under the terms of the contract, as alleged, payment of the balance was to be made during January 1947. As the tenders of plaintiff are alleged to have been made after that month, it is

obvious that such tenders came after the time provided for in the contract.

Defendant contends, second, that, in the absence of a showing of equitable grounds for rescission, the plaintiff, being herself in default, cannot rescind. We agree with this statement. Has the plaintiff alleged equitable grounds for rescission? She urges that the allegations above mentioned constitute an equitable showing for rescission or at least sufficient excuse for the delay of tender on her part until after January 1947. The excuses or circumstances referred to are defendant's failure to notify plaintiff of an "election" on his part respecting the completion of the building and his failure to be available in Washoe County during January 1947, to respond to plaintiff's inquiry as to the completion of the building. As stated above, the defendant was not obligated in either respect; and there are no sufficient other allegations in the complaint, based on equitable considerations, to move a trial court to grant the remedy of rescission.

We are of the view that the plaintiff's alleged tender was not sufficient in any event. There were two and, as we view it, only two permissible methods of payment of the balance, either of which would have to be made prior to the end of January 1947, unless the delay were excused on sufficient equitable grounds. Payment of the balance of the purchase price could have been made or excused by delivery or tender of the sum of $3,000, or said sum less the cost that might have been incurred by the plaintiff in completing the building. Plaintiff alleged neither the one nor the other method of payment or tender. If the defendant had actually prevented the plaintiff from making a proper and timely tender of performance on her part, then equity would have entertained an application by plaintiff for relief by specific performance or by rescission.

The plaintiff contends that the completion of payment on her part was not a condition precedent to the duty of

the defendant to deliver to her a deed to the property. In the case of Irvine v. Hawkins, 20 Nev. 384, 22 P. 240, 241, the defendant sought specific performance of a contract of sale. In granting such relief, this court said:

"Rhue was entitled to receive a deed upon paying the money, and Clark was entitled to the money upon delivering a deed. The covenants were dependent, and the acts to be performed, concurrent."

In the case of Mosso v. Lee, 53 Nev. 176, 295 P. 776, the failure of the vendee to make payments within the times specified in the contract was excused on equitable grounds and the remedy of specific performance was granted. In that case, reference was made to the California case of Glock v. Howard & Wilson Colony Co., 123 Cal. 1, 55 P. 713, 717, 43 L.R.A. 199, 69 Am.St.Rep. 17, a case in which the subject of contracts for the sale of real property is given thorough consideration. In the opinion, the following principles are stated:

"It has been said that after the vendee's breach the vendor may agree to a mutual abandonment and rescission, in which last instance, and in which alone, the vendee in default would be entitled to a repayment of his money. * * *

"But while it is essentially true that in case of a rescission the vendee may demand that he be restored to his original condition, it does not follow that a vendor who refuses to convey after such breach by the vendee thereby rescinds. To the contrary, in refusing to convey after the vendee's default he is not treating the contracts as at an end, but is expressly standing upon it, and basing his rights upon its terms, covenants, and conditions. * * *

"It would be to the last degree unjust and inequitable to allow a vendee, after his default under such a contract, to put the vendor in default by a mere tender. * * *

"The contract is made to depend upon a condition

precedent. By its terms no right is to vest in the vendee until certain acts of payment have been done by him, and a court of equity no more than a court at law will relieve a vendee, under such circumstances, from the penalties arising from the breach of such condition, in the absence of an equitable showing to excuse his default."

Although counsel for the plaintiff, on the oral argument, insisted that the allegations and prayer of the complaint were broad enough to entitle the plaintiff to any equitable relief the court could afford, it is clear that the complaint is not one in which the plaintiff seeks equitable relief from her own default. Therefore the cases cited in support of an equitable cause of that nature are not in point. We are confronted with the fact that plaintiff made a down payment of $3,000, half of the total agreed consideration, and indeed the entire consideration if, as a matter of fact, defendant had not completed the building and such completion would cost $3,000. Under these circumstances, it cannot but appear that sufficient additional facts might have been pleaded as would appeal to the conscience of the court. This might well have been clear to the district court and probably was so, as the learned district judge gave the plaintiff opportunity to amend her complaint. This she refused to do. She refused or was unable to allege (1) that the building was completed, or (2) that it was not completed, or (3) that she was unable to ascertain whether or not it had been completed, nor did she attempt to explain her default, ask to be relieved from its consequences and seek the remedy of specific performance.

It appearing that the plaintiff's complaint does not show grounds for relief either at law or in equity, the ruling of the court below sustaining the demurrer and the judgment subsequently rendered must be affirmed. It is so ordered.

HORSEY and BADT, JJ., concur.

EATHER, C. J., being absent on account of illness, the Governor commissioned Honorable WM. D. HATTON, Judge of the Fifth Judicial District, to sit in his place.

## ON PETITION FOR REHEARING

February 8, 1949.                                    202 P.2d 736.

*Gordon W. Rice,* of Reno, for Appellant.

*Royal A. Stewart,* of Reno, for Respondent.

*Per Curiam:*

In the petition for rehearing, the appellant urges that her complaint states a cause of action for specific performance. We adhere to the view that the complaint, in its present form, does not state such, or any, cause of action. A rehearing will be granted, however, for the purpose of considering whether or not the case should be remanded for the purpose of giving the appellant an opportunity to apply to the court below for leave to file an amended complaint.

Rehearing granted.

## ON REHEARING

December 6, 1949.

*Gordon W. Rice,* of Reno, for Appellant.

*Royal A. Stewart,* of Reno, for Respondent.

## OPINION

By the Court, HATTON, District Judge:

In this cause, a demurrer to the complaint was sustained, judgment for plaintiff was entered, and defendant appealed. No error appearing in the record, the judgment was affirmed. A rehearing was granted for the purpose of considering whether or not the cause should be remanded for the purpose of giving the appellant an opportunity to apply to the court below for leave to amend her complaint in order to state, if she could, a cause of action for specific performance.

■ On the argument on rehearing, the appellant acceded to the argument and authorities presented by respondent to the effect that, if there be no error attributable to the trial court, this court is without jurisdiction to remand the cause for further proceedings. On the authorities presented, we conclude that the cause should not be remanded. N.C.L. secs. 8377, 9385.62; 5 C.J.S. 1358, sec. 1872, note 83; People v. Jackson, 24 Cal. 630; Sutter v. City and County of San Francisco, 36 Cal. 112; O'Hara v. Los Angeles County Flood Control District, 119 Cal.2d 61, 119 P.2d 23.

HORSEY, C. J. and BADT, J., concur.

On the original appeal of this cause, the Governor commissioned Hon. WM. D. HATTON, Judge of the Fifth Judicial District, to sit in the place of EATHER, J., by reason of the latter's illness. Judge HATTON, accordingly, likewise participated, in place of Justice EATHER, in the rehearing.