# PAT SIBSON, Appellant, v. FARMERS INSURANCE GROUP, Respondent.

No. 6790

July 11, 1972                                       498 P.2d 1331

*Echeverria and Osborne,* and *John T. Coffin* and *Arthur T. Nicholls,* of Reno, for Appellant.

*Goldwater, Hill, Mortimer & Sourwine,* and *C. Frederick Pinkerton,* of Reno, for Respondent.

## OPINION

By the Court, Zenoff, C. J.:

Pat Sibson was injured on November 4, 1968 when the car in which she was a passenger was "rear-ended" by an uninsured motorist. Shortly after the collision Pat developed a

headache and the next day her neck became stiff. She had X-rays taken and was treated by one Dr. Sonderegger for her then-apparent injuries. The headache lasted about six weeks.

On February 4, 1969 Pat signed a "Trust Agreement and Release in Full of All Claims and Rights" wherein, for a consideration of $2,500 and medical benefits for a one-year period, Pat released Farmers Insurance Group from any claim arising from the November 4th accident.

"AND FURTHER: In consideration of such payment and as a further consideration for this release in settlement the undersigned represents and warrants that this is a full and final release applying to all unknown and unanticipated injuries, deaths or damages arising out of said accident, casualty, or event as well as those known or disclosed."

Settlement discussions occurred over a period of four months. Mrs. Sibson rejected the company's initial offer of $1,300 and then demanded $2,500, plus open medical coverage for one year, to which demand the company agreed. Prior to signing the above release Dr. Sonderegger advised Pat that it was possible that she could continue to have difficulties for an indefinite period of time in the future. She knew at that time not only of her neck discomfort but of low back distress as well. There is no evidence of duress, fraud, undue influence or overreaching by respondent's claim adjuster in obtaining the release.

In April or early May of 1969 Pat developed additional symptoms of injury to her back. Her left leg went numb from the knee down, she experienced double vision and she developed a very painful low backache. As the result of an examination and electromyogram by one Dr. Morelli it was determined that Pat had a degenerating disc between the fourth and fifth lumbar attributable to the accident.

On February 3, 1971 Pat filed her complaint against respondent for additional recompense to cover her damages from the accident, all without noting or, indeed, offering to return the release and the moneys received therefrom.

On motion by respondent a summary judgment was entered against Pat on two bases: (1) the release was a valid contract binding upon Pat for all claims arising against respondent from the uninsured motorist coverage, and (2) that a one-year contractual limitation period appearing in the insurance contract was not complied with.

Appellant attacks these two grounds. We prefer to base our affirmance on the first ground only. When Pat signed the release she knew it was to cover possible future medical

expenses for which she exacted a one-year open medical coverage. She knew that her condition could worsen in the future. There was no mutual mistake of fact or overbearance which would allow us to set aside the release. The release is valid. Las Vegas Insurance Adjusters v. Page, 88 Nev. 16, 492 P.2d 616 (1972).

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.