61 F.3d 914
 Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur Paul WITTE, Plaintiff-Appellant,
v.
LAKESIDE INN AND CASINO; Richard Jeha; William F.
Kartoozian; Stanley W. Sperling; Sam Anderson; Michael H.
Bradford, Official Capacity as Owners, Individually and in
their Official Capacity as Owners, Managers and Employees of
Lakeside Inn and Casino, Defendants-Appellees.
 No. 94-15379.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1995.*
Decided July 25, 1995.
 
 Before: GOODWIN, SNEED and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Witte appeals the district court's grant of summary judgment to Lakeside on his claim for sexual harassment under Title VII of the Civil Rights Act and the district court's decision not to exercise pendent jurisdiction over related state claims.
 
 I.
 
 3
 Witte settled his Title VII claim. The settlement agreement recites that he alleges that his pit boss, Jan Martinez, sexually harassed him, and caused him to be fired on November 27, 1987. Pursuant to the agreement, he was rehired the day it was signed, a few weeks after being discharged. The agreement was that he would be "treated on a parity with all other dealers of equal tenure," and would be paid an amount of money based on back pay plus damages. In exchange, he promised not to file any complaints arising out of his employment up to the date of the settlement, released any such claims he might have, and promised to keep the terms of the agreement secret. He also expressly agreed that he did not rely on any representation the company made to him in entering into the agreement.
 
 
 4
 A few weeks after being rehired, Witte was fired again. This time, the termination was not based on his alleged spurning of a supervisor's sexual demands. Instead, he was laid off because of a decline of casino business in January. The company laid off on the basis of seniority, although it had not used seniority as a basis for layoffs in previous years. Witte was included in the layoffs because his seniority put him on the wrong side of the cutoff. Witte then brought suit against the casino.
 
 
 5
 Witte stated seven claims in his complaint. The first, second, third, sixth, and seventh were based on the sexual demands and contacts and the first firing. These were the claims Witte had released. The fourth and fifth were for breach of the settlement agreement, and were based on the casino's giving Witte an intolerable work environment after he was rehired and then firing him a second time just a few weeks later.
 
 
 6
 The district court granted summary judgment against Witte. He appealed, and we reversed, in an earlier decision in this case. We upheld the determination that the release was valid and binding. Nevertheless we remanded "for a hearing on whether a material issue of fact exists as to the alleged breach." Witte v. Lakeside Inn and Casino, 91-16530 at 2 (9th Cir. 1992). We said "the court did not consider the relevant possibility that Lakeside breached the agreement, which would then remove the bar to Witte's suit regarding the alleged pre-agreement harassment." Id. at 3.
 
 
 7
 On remand, the district court held that because Witte had not sued for rescission, and a breach would not entitle him to proceed on his released Title VII claim, there was no need to determine whether the agreement was breached or not. Though the court was not inclined to find a genuine issue of fact as to whether the agreement was breached, it did not dismiss the state claims on that ground. Instead, the district court "decline[d] to exercise our supplemental jurisdiction over Plaintiff's remaining state law claims," including breach of contract for violating the settlement agreement.
 
 II.
 
 8
 With regard to the Title VII claim, the district court correctly applied Nevada law. Even when a settlement agreement disposes of a federal claim, "interpretation of a settlement agreement is governed by principles of state contract law." Botefur v. Eagle Point, Oregon, 7 F.3d 152, 156 (9th Cir. 1993). Because we have already upheld the determination that the settlement agreement was valid, the remaining question of law is whether a breach of that agreement would revive the Title VII claim. The wording of our previous decision left open the possibility that it might, but Nevada law provides otherwise in the context of this case.
 
 
 9
 In Nevada, a settlement extinguishes the settled claims. Von Zehner v. Truck Ins. Exchange, 659 P.2d 879, 882 (Nev. 1983); Sibson v. Farmers Ins. Group, 498 P.2d 1331 (Nev. 1972). Witte validly settled his Title VII claim, so if the casino breached, Witte had a common law cause of action for breach of contract, not a federal Title VII cause of action.
 
 
 10
 Witte's claim also fails, as the district court determined, because he elected to sue for breach of the settlement agreement, not rescission of it. "As a general rule, upon breach of a contract the injured party may, by election, rescind and recover the value of any performance by him, or he may stand by the contract and recover damages for the breach." 17A Am Jur 2d Sec. 725 at 736 (1991). "Taking steps to enforce a contract is held to be a conclusive election not to rescind it on account of anything known at the time." Id. at Sec. 585. Nevada applies the doctrine of election of remedies to preclude a party from seeking inconsistent remedies. Barringer v. Ray, 298 P.2d 933, 936 (Nev. 1956). Standing on a contract and attempting to secure damages for breach is inconsistent with an attempt to rescind the contract and secure a return of consideration. Moody v. Riley, 198 P.2d 447, 448 (Nev. 1948). Because of this election of remedies, and the failure to plead a case for rescission, the district court correctly determined that no cause alleged in Witte's amended complaint could have resulted in a return of the right to sue for Title VII violations.
 
 III.
 
 11
 The district court's dismissal of the state common law claims for breach of the settlement agreement was within its discretion. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). "'[I]n the usual case in which federal-law claims are eliminated before trial, the balance of [the factors of economy, convenience, fairness, and comity] will point toward declining to exercise jurisdiction over the remaining state-law claims."' O'Connor v. Nevada, 27 F.3d 357, 363 (9th Cir. 1994) (insertion in original). Once the district judge found the settlement agreement valid, so that Nevada contract law extinguished the federal claim, the federal claims were eliminated before trial, and dismissal of the state law claims without prejudice to refiling in state court was not an abuse of discretion.
 
 
 12
 Witte also argues that the judgment should be reversed because he was given no hearing on the motion for summary judgment, despite his request for oral argument and the local rule entitling him to it, and despite our remand "for a hearing on whether a material issue of fact exists as to the alleged breach." In a similar case evaluating the Nevada District Court rules, we held that "noncompliance with local and federal rules pertaining to a hearing on a motion for summary judgment is not, by itself, reversible error absent a showing of prejudice." Houston v. Bryan, 725 F.2d 516, 518 (9th Cir. 1984). We have also noted that "'[d]ue process only requires a meaningful hearing appropriate to the nature of the case,"' and "it serves no useful interest to perform elaborate procedural rites before internment of a lost cause." In re City Equities Anaheim Ltd., 22 F.3d 954, 959 (9th Cir. 1994). Witte has not shown how a hearing could have made any difference to the disposition, so reversal for denial of a hearing is precluded under these cases. The district court appears not to have overlooked anything in Witte's opposition to summary judgment, and nothing at a hearing would have changed the fact that Witte signed away his rights to the Title VII suit.
 
 IV.
 
 13
 The district court found that Witte's case was "frivolous," and awarded $50,854.75 in attorneys' fees against him. The statute in effect when this suit was brought allowed an award of attorney's fees in the court's discretion:
 
 
 14
 In any action or proceeding under title [42 U.S.C. Secs. 2000e et seq.] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
 
 
 15
 42 U.S.C. Sec. 2000e-5(k). The Supreme Court determined that this section supports an award of fees to a prevailing defendant when the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978). The district court made the frivolousness finding required by Christianburg. Where a case has no foundation in law or facts, an award of fees to the prevailing defendant is within the district court's discretion. Mitchell v. Los Angeles County Superintendent of Schools, 805 F.2d 844, 847 (9th Cir. 1986).
 
 
 16
 The district court awarded these fees for the work the casino did defending itself, prior to our remand.
 
 
 17
 Many Title VII sexual harassment cases lose on summary judgment because there is no evidence of discrimination by reason of sex, whether because of quid pro quo sexual demands or anything else. In this case, Witte presented cognizable evidence that his pit boss, Ms. Martinez, told coworkers she hired Witte because of his "cute ass" in order to improve the sexual atmosphere for the female employees. She caressed his buttocks in public, danced close with him at an employee party, and suggested that he come with her to have sex at the Fantasy Motel. After he rejected this proposition, she became hostile, repeatedly told him he was getting fat, reduced his craps dealing time, and made him deal blackjack. He found craps more interesting, as did most dealers, and found blackjack dealing difficult because his knees had been hurt when a car hit him as he was jogging. Then she fired him.
 
 
 18
 Of course the truth of these allegations has never been established, because the case never went to trial. It is significant, though, that this Title VII case was dismissed because it had been settled, not because the claimant had no evidence that any sexual discrimination or harassment had ever occurred. Were it not for the settlement agreement, Witte would have had sufficient evidence to get his case to trial. The case, except for the effect of the settlement agreement, was not frivolous.
 
 
 19
 We previously remanded to the district court for consideration of whether or not a breach of the settlement agreement would revive Witte's Title VII claim. We said "the court did not consider the relevant possibility that Lakeside breached the agreement, which would then remove the bar to Witte's suit regarding the alleged pre-agreement harassment." If this possibility was "relevant" then, it cannot be "frivolous" now. We saw a genuine possibility that the Title VII claim could have been revived, despite having been validly released. This establishes that even in the face of a valid settlement agreement, the case was not frivolous as a matter of law.
 
 
 20
 Nor was the potential claim for rescission of the settlement agreement frivolous as a matter of fact. Witte was fired shortly after he was rehired. He was fired because he was low on seniority, but the casino had never done its seasonal layoffs on the basis of seniority before. A casino witness conceded that this new layoff criterion was established to avoid a merit layoff of Witte, because that might be more vulnerable to litigation. To the extent that Witte's performance was insufficiently meritorious to avoid a seasonal layoff, he had evidence that he had been purposely punished by the blackjack assignment which the jilted pit boss knew would hurt his knees.
 
 
 21
 We are satisfied that the district court properly dismissed Witte's claims, but cannot conclude that he wrongfully abused the court system and the casino by bringing them. We therefore find that the award of fees was an abuse of discretion, and vacate that award.
 
 
 22
 The parties shall bear their own costs on appeal.
 
 
 23
 AFFIRMED in part and REVERSED and VACATED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34 (a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3